WILLIAM NAUL v. McComb City.

1. CRIMINAL LAW. *Evidence. Town ordinance. Judicial notice thereof.*

   This court will not take judicial notice of town ordinances. Hence, in a prosecution for the violation of an alleged ordinance, a conviction will not be sustained if the evidence fails to show its existence.

2. CRIMINAL PROCEDURE. *Sale of liquors. Evidence of distinct sales.*

   Where it is alleged that accused unlawfully sold spirituous liquors, it is error to admit evidence of two distinct sales. *King* v. *State*, 66 Miss., 502; *Bailey* v. *State*, 67 *Ib.*, 333.

FROM the circuit court of Pike county.

HON. W. P. CASSEDY, Judge.

Appellant, Naul, was convicted before the mayor of McComb City upon an affidavit charging that "within the cor-

porate limits of McComb City, in Pike county, Mississippi, and within the jurisdiction of the undersigned, he, Naul, did unlawfully and wilfully sell spirituous liquor without authority of law, and against the ordinances of said town made and provided, and against the peace and dignity of the state of Mississippi." He appealed to the circuit court, and there made a motion to quash the affidavit, which was overruled.

After one witness for the prosecution had testified that he bought whisky from the accused on a certain occasion, another witness was permitted to testify to another and distinct sale. Defendant objected generally to this testimony, and the objection was overruled. He was again convicted, and sentenced to pay a fine of $100. From this judgment he appeals. The opinion contains a further statement of the facts.

*Price & Sternberger*, for appellants.

1. It was error to allow evidence of two separate sales. *King* v. *State*, 66 Miss., 502; *Bailey* v. *State*, 67 *Ib.*, 333.

2. There is nothing to show that McComb City has an ordinance against the sale of whisky. If it has, this is a fact to be proven like any other fact. 17 Am. & Eng. Enc. L., 262. Courts do not take cognizance of town ordinances. *Ib.*, 362.

*Frank Johnston*, attorney-general, for the state.

The objection to the evidence of a distinct sale was general. The record does not show the ground of the objection, nor present the point now argued; hence *King* v. *State*, 66 Miss., 502, does not apply.

The offense should be treated as one under the laws of the state against retailing, and in this view the conviction was proper.

Cooper, J., delivered the opinion of the court.

Although this case appears on the docket of this court, and did so appear on that of the court below, as a prosecu-

tion for the violation of a state law, the affidavit, which is the foundation of the proceeding, clearly shows it to be a prosecution for the violation of an ordinance of McComb City. We do not know, and cannot be informed, except by the record, that there is an ordinance of said town against the act charged, for we do not take judicial notice of town ordinances. There is nothing of record to show the existence of such ordinance, and, so far as is disclosed, the appellant is under sentence for an act not prohibited by any other law than that of the state, for a violation of which he is not prosecuted.

But, if there is an ordinance of the town against selling liquor, the conviction could, in no event, be maintained, because of error in the court in admitting evidence of two distinct sales. In *King* v. *State*, 66 Miss., 502, this question was fully considered and decided, and that case was followed in *Bailey* v. *State*, 67 Miss., 333. We now follow it again, with the hope that by patience and persistence we shall eventually establish the rule it announces.

*Reversed.*