L. H. HUDSON *v.* THE STATE.

CRIMINAL LAW.  *Intoxicating liquors.*  *Amendment of affidavit on appeal.*
Code 1892, § 1438.

> Where a defendant has been convicted before a magistrate of unlaw-
> ful retailing, upon an affidavit charging a sale of liquor to certain
> persons named therein, though the names of such persons were
> unnecessary in the first instance, they became a part of the de-
> scription of the offense charged, and it is error, on his appeal to
> the circuit court, to permit the state to strike out said names and
> prove a sale to a different person. *Tyler* v. *State,* 69 Miss., 395, cited

FROM the circuit court of the first district of Hinds county.
HON. J. B. CHRISMAN, Judge.

The opinion states the case.

*Williamson & Potter,* for the appellant.

The amended affidavit charged another separate and distinct
offense, for which the accused could not be tried on his appeal.
*Miller* v. *State,* 53 Miss., 405, 406; *Blumenberg* v. *State,* 55
*Ib.,* 529.

The very statute allowing amendments of affidavits (§ 1438,
code of 1892) requires that the amendment shall be so made as
to bring fairly to trial, on its merits, "the charge intended to
be set out in the original affidavit." Hudson was not tried in
the circuit court on the charge intended to be set out in the
affidavit originally made before the mayor of Terry, and he
was not tried for the offense of which he was convicted in the
mayor's court, from the judgment of which he had appealed.

*Wiley N. Nash,* attorney-general for the state.

The amendment was clearly proper under § 1438, code of
1892. No injury is shown to have resulted to the defendant
from its allowance of which he has any right to complain. The

section of the code cited was intended to cover just such a case as the one under consideration. The affidavit, as amended, sets out an illegal selling of vinous and spirituous liquors, and such was the charge intended to be made in the original affidavit, and that is the offense of which defendant was convicted.

Indictments for crimes like this will not be quashed or abated for want of form. Code 1892, § 1595. It is not necessary, in prosecutions like this, to aver the name of the buyer. *Riley* v. *State*, 43 Miss., 397; *Lea* v. *State*, 64 *Ib.*, 201.

WOODS, J., delivered the opinion of the court.

The appellant was charged by affidavit with unlawful retailing to three named persons in the town of Terry, and on this charge thus preferred, he was tried and convicted before the mayor of that town. Feeling aggrieved, he appealed to the circuit court of Hinds county, first district. When the case was called in that court for trial, upon motion of the state, the affidavit was amended, among other particulars, in striking out the names of the three persons to whom he had been charged by the affidavit with unlawfully selling liquor, and for which specific offense he had been convicted in the court of the mayor of Terry. On the affidavit thus amended, the defendant was then put on trial, and one Charles Hollingsworth, who was not one of the three originally named persons to whom the affidavit alleged the illegal sales had been made, was introduced by the state. By this witness the state showed that the defendant had illegally sold liquor to him, and that no other persons other than himself and the liquor seller were present at the time of the sale. On this evidence, the defendant was convicted, and from that conviction and sentence thereon he appeals.

It is plain that the defendant was charged with one offense before the mayor of Terry and convicted of that offense, and that, on appeal from that judgment to the circuit court, he was there tried for and convicted of another distinct offense. It is true that no averment of the names of the buyers in the affi-

davit was originally necessary, yet by making that unnecessary averment, it became essential as descriptive of the offense charged.    *Tyler* v. *State*, 69 Miss., 395.

The striking out of the names of the three persons to whom he was originally charged in the affidavit with having sold liquor, and for a sale to whom he had actually been convicted in the mayor's court, was not an amendment of the affidavit so as to bring the merits of the case fairly to trial on the charge intended to be set out in the original affidavit, as authorized under § 1438, code of 1892.    It was an amendment by which the state was allowed to prove, not the offense intended to be set out in the original affidavit, but a wholly distinct offense, and this was erroneous.    Any sale of liquor unlawfully to any man is an offense, and may be charged in general terms;  but when a sale to a particular person is charged, the name of the buyer, as we have seen, becomes descriptive of the identity of that which is legally essential to the charge, and no amendment in such case is permissible which charges another and distinct offense.    That the defendant was charged, tried and convicted in the mayor's court on one charge, and was, by what was called an amendment to that original charge, tried and convicted of another and a distinct offense in the circuit court, is indisputably certain.

The circuit court of Hinds county was not without jurisdiction to try the case by reason of the supposed discontinuance of the term at which defendant was tried.    See *Shep Palmer* v. *State*, this day decided by us.

*Reversed and remanded.*