CITY OF CORINTH v. MACK CRITTENDEN.

[47 South. 525.]

|94    41|
|95   402|

1. POOL AND BILLIARD ROOMS. *Police power of state.*

> Pool and billiard rooms are within the police power of the state and may be regulated or prohibited at legislative will. *Crittenden v. Booneville,* 92 Miss., 277, 45 South., 723, explained.

2. MUNICIPALITIES. *City of Corinth. Laws 1884, p. 547, ch. 403. Privilege taxes. Code 1906, § 3893.*

> The special charter of the city of Corinth (Laws 1884, p. 547, ch. 403), still in force, grants express power to prohibit the keeping of pool and billiard rooms; and an ordinance of the city prohibiting them is not affected by the privilege tax laws of the state, since they (Code 1906, § 3893) provide that the payment of taxes thereunder shall not legalize any business.

FROM the circuit court of Alcorn county.

HON. EUGENE O. SYKES, Judge.

Crittenden, appellee, was plaintiff in the court below; the city of Corinth, appellant, was defendant there. The suit was an application for a writ of prohibition to prevent the enforcement of an ordinance of the city prohibiting pool and billiard rooms. From a judgment in plaintiff's favor the defendant appealed to the supreme court. The facts are fully stated in the opinion of the court.

*Lamb & Johnson,* for appellant.

The court below erred in overruling the motion of the city of Corinth to dissolve and vacate the writ of *certiorari* and prohibition granted appellee in this case for the reason that the ordinance, for the violation of which appellant was tried and convicted, was passed and adopted by the board of mayor and aldermen under and by virtue of a power expressly and specifically granted the city of Corinth in section 8 of the charter; this provision of the charter is purely a local law, and no part of it has been expressly repealed by any subsequent act of the legislature, except that portion of the same, which provides that the board of mayor and aldermen, if they deem it expedient to license poolrooms, may tax the same in a sum not to exceed $150; it has not been repealed by implication because of any repugnance between this special act and the general law legalizing the business of operating poolrooms and *providing* for licensing the same. The state of Mississippi had a right, under its police power, to prohibit the operation of public poolrooms throughout the state, and, having this power, it delegated the same to the city of Corinth.

*Sharp & McIntyre,* for appellee.

All that part of section 8 of the charter of Corinth pertaining to the prohibition of poolrooms, etc., is repugnant to the constitution and general laws of the state; our general laws

make and declare the operation of poolrooms to be a legitimate business and our legislature has legalized the operation of same; if the business is a legitimate one and legalized in all other parts of Mississippi, why should it be illegitimate and unlawful in the city of Corinth? Why should a citizen, so long as his business does not interfere with the rights of others, or the peace, health or safety of the community, not have the same rights and privileges in Corinth as in all other cities in the state?

The mere act of playing pool or billiards may be and often is a harmless and an innocent amusement—it is to be remembered that the operation of a billiard table or a poolroom is not wrong in itself, it is not violative of the morals necessarily and is not denounced by law; on the contrary it is legalized— nowhere under the law are they prohibited. *Crittenden v. Booneville,* 92 Miss. 277, 45 South. 723.

If the law prohibits that which is harmless in itself or requires that to be done which does not tend to promote the health, comfort, safety or welfare of society, it will, in such cases, be an unauthorized exercise of power, and it would be the duty of the courts to declare such legislation void. *Toledo, etc., R. Co. v. Jacksonville,* 67 Ill. 37, 16 Am. Rep. 611.

MAYES, J., delivered the opinion of the court.

The city of Corinth is operating under a special charter, and has never adopted the Code chapter on municipalities. The charter of Corinth is found in Laws 1884, p. 547, c. 403. In December, 1906, the mayor and board of aldermen of the city of Corinth, acting under the powers granted by section 8 of its charter, wherein the city is given the power to restrain or prohibit the keeping of billiard tables, pool tables, etc., within its borders, passed an ordinance making it unlawful for any person or persons to engage in the business of operating and running a poolroom, billiard room, etc., in the corporate limits of the city of Corinth. In April, 1908, long after this ordinance

was adopted, Crittenden obtained from the sheriff of the county in which is located the city of Corinth, state privilege license authorizing him to operate a poolroom. After procuring state license, he made an application to the city of Corinth for municipal license, which the city refused to issue because of the ordinance prohibiting it. Crittenden thereupon tendered to the city clerk, fifty per cent of the amount of state tax, and, the city refusing to accept same or to issue a municipal license, he opened a poolroom and undertook to conduct the business in defiance of the ordinance, whereupon he was arrested, and sought and procured a writ of prohibition against the authorities of the city of Corinth, prohibiting them from taking any further action looking to the enforcement of the ordinance. On the hearing in the court below the writ of prohibition was sustained, the ordinance declared void, and the city appeals.

The case of *Crittenden v. Town of Booneville,* 92 Miss. 277, 45 South. 723, is not authority in this case. The facts in the *Booneville case* disclose that the town of Booneville was operating under the Code chapter on municipalities, and the general law on the subject of municipalities applied. The city of Corinth has express power under its charter to prohibit the keeping of poolrooms, and this charter power supersedes the general law. The charter of the city of Corinth antedates the adoption of the constitution of 1890, and, when granted by the legislature, did not remotely conflict with any constitutional provision of the state. Being lawful at the time it was granted, it is still a valid charter in all its provisions, even though it conflict with the general law; the city of Corinth never having adopted the Code chapter. Code 1906, § 3440, which is Annotated Code 1892, § 3035, expressly provides that existing municipalities shall not be affected by the general municipal law, unless adopted by such existing municipality, except as to certain provisions made applicable to all municipalities, but the power in question is not disturbed by the sections generally applicable to all municipalities.

In the case of *Lum v. City of Vicksburg,* 72 Miss. 950, 18 South. 476, it was held that the general law which was to govern municipalities was prospective, and in no way violated sections 80 and 88 of the constitution of the state, and, further, that the existing charters were not repealed by the general law. The legislature gave to the city of Corinth the power to prohibit poolrooms, billiard tables, etc., and in the exercise of that power the city of Corinth passed an ordinance making it unlawful to conduct the same in its borders. This was a valid ordinance, and had the effect of outlawing the poolroom business in that city, and under Code 1906, § 3893, the payment of the privilege tax to the state by Crittenden could afford him no protection when prosecuted by the city authorities. Section 3893 expressly provides that "nothing in this chapter, nor the payment of any privilege tax herein provided, shall legalize any business, employment, transaction, article, or device of any kind, or the operation thereof, in violation of any statute of the state or the ordinances of any municipality therein now existing, or that may be hereafter adopted." This section of the Code was intended to fit this precise case.

While the general law provides for the licensing of poolrooms, such a business comes well within the police power of a state both to regulate or prohibit. The evil tendency of such places is known to all mankind. In them no good is promoted, but they too often prove to be nurseries of idleness and such evils as naturally result therefrom. The keeping of a poolroom or a billiard room can be considered a lawful business only so long as the legislature makes it so, and only in such places as the law allows. Such places may be prohibited at any time the legislature deems it proper to do so, and the influence of such places is not much less corrupting than is that of a dramshop.

The ordinance is valid, the writ of prohibition granted should have been dismissed, and Crittenden left to adjust the matter with the city as best he can.

*Reversed and remanded.*