ALBERT BOOZE v. YAZOO CITY.

[48 South. 820.]

CRIMINAL LAW AND PROCEDURE. *Evidence. Facts calculated to discredit state witness's statements.*

Testimony calculated to cause the jury to doubt the truth of material statements made by a witness for the state in a criminal case should not be rejected; the question as to whether it be purely speculative is for the jury.

FROM the circuit court of Yazoo county.

HON. WILEY H. POTTER, Judge.

Booze, appellant, tried and convicted before the mayor of Yazoo City, on the charge of unlawfully selling intoxicating liquors within the municipality, appealed to the circuit court; was tried there *de novo,* convicted, fined $250, sentenced to imprisonment in the county jail for thirty days, and appealed to the supreme court.

The opinion of the court states the facts.

*Campbell & Campbell,* for appellant.

The court erred in not granting appellant's request for a new venire and also erred in refusing to allow the evidence of dif-

ferent witnesses sought to be introduced by appellant. The court also erred in permitting counsel for Yazoo City, the prosecutor in this case, in his closing argument before the jury to read an article from a newspaper, over appellant's objection.

The evidence showed that a detective gave to one Kennedy, money with which to buy whiskey and that Kennedy brought to the detective a pint of whiskey, stating that he had bought it from Booze, the appellant; and the detective testified as to this, his testimony being the only direct evidence of the sale. Appellant denied having sold the whiskey to Kennedy, and sought to prove by Howard, the agent of the American Express Company, that on the date of the alleged sale Kennedy himself had received a gallon of whiskey from the express office. Appellant also offered to prove that Kennedy on that date had told different parties about having whiskey and that he, Kennedy, could let such parties have some of it, and that Kennedy actually did let different persons have whiskey. The action of the court in refusing to admit such evidence in regard to Kennedy constituted reversible error. It had already been shown in evidence that the premises of appellant had been searched by the city police, and no whiskey had been found. It was materially important to appellant to show, not only that he himself had no whiskey, but that Kennedy, who practically was the accuser in the case, did have on the very day in question plenty of whiskey. There could legally be no question as to the competency of such testimony. 1 Wigmore on Evidence, §§ 139, 144.

Inasmuch as the detective, Kennedy, was the only witness who testified that appellant sold the whiskey, any testimony tending to show that the testimony of Kennedy was untrue, or which would raise in the minds of the jury, reasonable doubts of its truth, should have been admitted.

On the facts this was a very close case, and there is grave doubt as to the guilt of appellant, and he should have been given every opportunity to present his defenses fully before the jury.

*Holmes & Holmes,* for appellee.

In regard to the contention of learned counsel for appellant that appellant should have been granted a new venire under the circumstances, the record shows that there was actually no reason for a new venire. As regards the objection that counsel for appellee, in argument before the jury, read a statement from a newspaper, the facts are that neither the jury nor anyone else in the court room, except counsel for appellee, knew the source of the quotation. The author of the article was not stated nor was the name of the newspaper given. Furthermore, counsel, in reading the quotation, did not hold the newspaper in his hand, but merely a small paper clipping, and had only read a part of it when his time limit before the jury expired and he was stopped by the court.

The only ruling on the testimony adverse to appellant, Booze, was with regard to the possession by the witness Kennedy of a gallon of whiskey on the date of the sale, but the record distinctly shows that the whiskey in the possession of Kennedy was of a different kind from that which was bought from Booze. This evidence was properly excluded by the court for the reason that Kennedy was not on trial, and the possession by Kennedy of other whiskey than what he bought from Booze would not tend to prove or disprove the mean question at issue.

*George Butler,* assistant attorney-general, on the same side.

It is contended by appellant that the court below should have permitted him to prove that Kennedy had been selling whiskey and that on the day of appellant's alleged sale Kennedy received a gallon of whiskey from the office of the local express company. The exact questions along this line are:

Q. "Kennedy, have not you been selling whiskey?" No answer and objection to the question sustained.

Q. "Kennedy, on that very day, October 17th, did not you go to the express office and get a gallon of whiskey for yourself?" No answer and objection to the question sustained.

Kennedy was next asked if he had ever been convicted or fined for selling whiskey and to this he was permitted to answer. He was next asked if he had ever been arrested on the charge of selling intoxicating liquors and this question was objected to and objection sustained. It will be seen that the appellant was allowed to attack the credibility of Kennedy as a witness, under Code 1906, § 1923, but was not permitted to show that Kennedy had been accused of a crime, or that he had whiskey in his possession.

It certainly would have thrown no light upon the question at issue to have proved that Kennedy had been accused of selling whiskey, and it was not permissible to impeach him in that way.

MAYES, J., delivered the opinion of the court.

We take no notice of any of the objections urged by counsel for appellant, other than what shall be stated in the opinion, as it is our view that none of the objections have any merit, save the one herein discussed.

The testimony shows that one Carpenter was employed as a detective to ferret out the blind tigers (persons engaged in the unlawful sale of intoxicating liquors) in Yazoo City. Some time in October, 1908, he approached one Pierce Kennedy and asked him if he could get him some whiskey, saying at the time that he (Carpenter) had the money if Kennedy knew where to get it. Kennedy stated he thought he could get the whiskey, whereupon Carpenter gave him seventy-five cents and Kennedy left, shortly returning with a pint of whiskey. Kennedy was introduced as a witness on the part of the state in the prosecution against Booze, and testified that he bought the whiskey from the defendant, and if this conviction is to stand it rests alone on the testimony of Kennedy. On cross-examination the defendant offered to show that, on the very day when Kennedy claims to have bought the whiskey from him (the defendant), Kennedy had gotten out of the express office a gallon of whiskey himself. This testimony was objected to, and the court

sustained the objection.    The defendant, after denying that he had sold any whiskey to the prosecuting witness, Kennedy, then offered to prove by Howard, the agent of the American Express Company, that the records in his possession as express agent show that, on the very day it is claimed by Kennedy that the sale of whiskey was made to him by Booze, the defendant, Kennedy himself had a gallon of whiskey which he had that day gotten from the express office.    The defendant also offered to prove that on that day Kennedy had told other parties he had whiskey and could let them have it, and that he did let other parties have whiskey.    All this testimony was objected to and excluded, and in this, we think, under the peculiar facts of this case, the court erred.

Any testimony which tended to show that the testimony of Kennedy, the prosecuting witness, was untrue, or which would raise in the minds of the jury a reasonable doubt of its truth, should have been admitted.    Carpenter only knew that he had given Kennedy seventy-five cents, and that Kennedy had taken the money, and kept it, and returned with the whiskey.    Kennedy disclaimed selling the whiskey to Carpenter, and asserts that he bought it from Booze, which Booze denied.    As tending to support his denial, he offers to show that Kennedy did on that day have whiskey; that he had told others that he had it, and offered it to them.    This testimony should have gone to the jury for what it was worth, as tending to show that the claim of Kennedy that he bought the whiskey from the defendant and did not sell it himself was untrue.    In the language of Mr. Wigmore, this testimony should have gone to the jury "because, if it really was of no appreciable value, no harm is done in admitting it; while, if it is in truth calculated to cause the jury to doubt, the court should not attempt to decide for the jury that this doubt is purely speculative, but should afford the accused every opportunity to create that doubt.    A contrary rule is cruel to really innocent accused."    1 Wigmore, Ev. § 139.

*Reversed and remanded.*