BUDD WHITE ET AL. v. STATE OF MISSISSIPPI.

[48 South. 611.]

CRIMINAL LAW AND PROCEDURE. *Malicious mischief. Affidavit. Indictment. Amendment.*

Where an affidavit for maliciously shooting a horse laid its ownership in a designated person, without naming or describing the animal, it was error to permit an amendment laying the ownership in another.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

White and another, appellants, were tried and convicted before a justice of the peace of malicious mischief, shooting a horse, upon an affidavit charging the horse to have been the property of one James Riley, without naming or describing the animal. They appealed to the circuit court and were there tried *de novo* and again convicted. Upon the trial in the circuit

court, the state was permitted, over defendants' objection to amend the affidavit so as to lay the ownership of the horse in William Riley, a son of James Riley.

*J. H. Mize,* for appellant.

The trial court erred in permitting the state to amend the affidavit so as to show that William Riley owned the horse and not James Riley. We think this assignment of error well taken. The affidavit was made under Code 1906, § 1099, for maliciously, or mischievously injuring an animal.

The court will observe that, under this statute, the name of the owner of the animal does not have to be alleged, and it is not essential to allege it as the law is designed for the protection of animals, irrespective of ownership, but when the ownership is charged in the affidavit, it then becomes descriptive of the identity of the animal and must be proven as alleged. This case falls squarely within the case of *Hudson v. State,* 73 Miss. 784, 19 South. 965.

*George Butler,* assistant attorney-general, for appellee.

There is no merit in the contention that the affidavit was not amendable under Code 1906, § 1508. The case of *Hudson v. State,* 73 Miss. 784, 19 South. 965, has no application.

Argued orally by *George Butler,* assistant attorney-general for appellee.

MAYES, J., delivered the opinion of the court.

We do not think the amendment to the affidavit should have been allowed by the court. This case cannot be distinguished from the case of *Hudson v. State,* 73 Miss. 784, 19 South. 965.

*Reversed and remanded.*