CICERO THOMAS *v.* YAZOO CITY.

[48 South. 821.]

1. CRIMINAL LAW AND PROCEDURE. *Municipalities. Ordinances. Violation of. Affidavit charging.*

A prosecution for the violation of a municipal ordinance may be based on an affidavit charging the offense, although the municipality be under a special charter and no mode of procedure therefor be prescribed by its ordinances.

2. SAME. *Same. Evidence. Compilation of ordinances.*

An objection to the admission in evidence of a compilation of municipal ordinances because the same is not certified by the municipal clerk, is of no avail in the supreme court if on the trial in

the court below the clerk were permitted to supply the missing certificate.

3. SAME. *Same. Intoxicating liquors. Sale of. Power of municipality to prohibit.*

A municipal charter conferring on the municipality power "to restrain, prohibit, or suppress tippling houses, dramshops, . . . and all other disorderly houses," and to "ordain all needful laws for preventing and suppressing all crime, obscenity, profanity, drunkenness, and other disorderly conduct," gives power to prohibit the sale of intoxicating liquors.

4. SAME. *Same. Cruel and unusual punishment.*

Where a municipal charter confers large powers on the municipality in the enforcement of its police powers, the fact that the minimum punishment prescribed by ordinance for an offense against the municipality, exceeds the minimum punishment provided by law for the same offense, against the state, does not make the punishment "cruel and unusual."

5. SAME. *Evidence. Other offenses. Code 1906, § 1762. Instruction.*

Code 1906, § 1762, providing that in prosecutions for violations of the liquor laws the state may give evidence as to other offenses than the one specifically charged, applies to prosecutions for violating municipal ordinances prohibiting the sale of intoxicants, and the giving of an instruction for the municipality applying the statute is not error.

FROM the circuit court of Yazoo county.

HON. WILEY H. POTTER, Judge.

Thomas, appellant, was tried and convicted in the municipal court of Yazoo City for selling intoxicating liquors in violation of a city ordinance prohibiting such sales, and appealed to the circuit court. He was again tried and convicted in the circuit court and appealed to the supreme court.

The opinion sufficiently states the facts. Code 1906, § 1762, referred to in the briefs of counsel and in the opinion of the court, is as follows:

"On the trial of all prosecutions for the violation of law by the sale or giving away of liquors, bitters, or drinks, the state shall not be confined to the proof of a single violation, but may give evidence in any one or more offenses of the same character

committed anterior to the day laid in the indictment or in the affidavit, and not barred by the statute of limitations; but in such case, after conviction or acquittal on the merits, the accused shall not again be liable to prosecution for any offense of the same character committed anterior to the day laid in the indictment or in the affidavit."

*Barnett & Perrin,* for appellant.

Yazoo City is operating under its own special municipal charter, and has never adopted Code 1906, § 1762, in reference to allowing evidence of more than one sale of whiskey under affidavit charging a certain sale, hence the action of the court below in admitting evidence of more than one sale and in refusing to compel the city, after the admission of the evidence, to elect as to what specific sale it would seek to prove appellant guilty, must constitute such error as will reverse the judgment. It will be noted that the city on the trial in the circuit court, proved not only the sale relied on for conviction in the mayor's court, but also an additional sale made some six months before. The court charged the jury that if either sale had been proved beyond a reasonable doubt, then they were authorized to convict. This constituted error. *Howard v. State,* 83 Miss. 378; *Hudson v. State,* 73 Miss. 784.

The compilation of the ordinances of Yazoo City, known as "Holmes' Code," should not have been admitted in evidence as showing the municipal regulations and ordinances, because it did not contain any certificate of the city clerk as to its official character.

The charter of the city gave no authority to the city board to prohibit the sale of intoxicants within its limits. And, as shown above, Code 1906, § 1762, is not applicable. Hence appellant's conviction is not upheld by law, the charge being not for a violation of a state law, but being prosecuted solely by the city for alleged violation of its ordinance. The power to suppress all crime, obscenity, profanity, drunkenness and other

disorderly conduct, given to the city by section 20 of its charter does not authorize an entire prohibition of the sale of whiskey.

But for the enactment by the city of an ordinance prohibiting the sale of intoxicating liquors within the city boundaries no conviction could stand upon the affidavit made against appellant in the mayor's court, for the affidavit was made upon the supposed violation of the ordinance, and the punishment meted thereunder upon appellant is the punishment provided by the ordinance. Will this court hold that, by the adoption of an ordinance silent as to the matter in which conviction can be brought about, Code 1906, § 1762, can be read into it, in the face of the fact that the ordinance was adopted by a body whose powers are limited and in whose favor nothing can be presumed? The ordinance provides no method of procedure for inaugurating a prosecution against appellant.

Again, the punishment inflicted upon one convicted under the ordinance must be in accordance with the ordinance and not in accordance with the law of the state as set forth in our statutes. The punishment provided by the city ordinance is far in excess of the minimum punishment carried by the state law, hence the punishment is cruel and unusual.

The court below erred in charging the jury to convict if they should believe that either of the sales, as to which evidence had been offered, had been proved. Code 1906, § 1762, is but a rule of evidence. *Hudson v. State, supra.* If the municipal board had desired to gain the results which might accrue in favor of the city from Code 1906, § 1762, they should have seen to the adoption, in proper method, of an ordinance embodying its provisions.

Code 1906, § 1762, should not be held applicable to appellant's case for the reason that the code section in effect creates a rule of substantive law, and, since the city has not adopted its provisions, appellant cannot be held liable thereunder in this case which had its inception under the affidavit filed in the mayor's court.

*Holmes & Holmes,* for appellee.

Under sections 26 and 28 of the charter of Yazoo City it is provided that all trials in the city court "shall be conducted according to the practice of the courts of common law, as modified by the statutes of this state," and also that "all appeals from the city court to the circuit court shall be subject to the same rules of proceedings, trial and judgment as are by law prescribed in the case of appeals from justices of the peace of said county to said circuit court." The preceding charter, section 22, provides that "the mayor shall have and exercise all of the power and jurisdiction of a justice of the peace." Moreover although the municipality is acting under its own charter, the principles of Code 1906, § 87, are applicable to appellant's, and similar, cases.

In answer to the contention of appellant that the compilation of municipal ordinances known as "Holmes' Code," should not have been admitted in evidence as it did not bear proper certificate of the city clerk as to its authenticity, we call the court's attention to the fact that any error as to this was cured by the admission of proof, through the testimony of the city clerk, and through his supplying the missing certificate, showing the authenticity.

By article 20 of the city's charter, providing that the city council shall have power to restrain, prohibit and suppress dramshops and other disorderly houses and to ordain all needful laws for preventing and suppressing all crime, drunkenness and disorderdy conduct, the city has ample power to prohibit the sale of intoxicating liquors within its limits. *Corinth v. Crittenden,* 94 Miss. 41, 47 South. 525.

Even if it be held that no method of procedure is provided by the ordinances of the city applicable to appellant's case, yet this will in no wise preclude the city from prosecuting this action against appellant. *Telheard v. Bay St. Louis,* 87 Miss. 580, 40 South. 326. The practice and procedure of the mayor's court were wisely regulated not only by the charter of the city

but also by the enactments of our legislature in the general laws of the state which general laws apply without conflict with the municipal regulations. 15 Ency. Pl. & Pr. 417; *People v. Cox,* 76 N. Y. 47; *Lexington v. Wise,* 24 S. C. 163; McQuillan, Munic. Ordinances, 509.

In answer to the contention by appellant that the court below erred in admitting evidence to show more than one specific sale of intoxicants, we say that one who is convicted before a justice of the peace on the charge of selling intoxicants and who appeals to the circuit court must be prepared to defend himself from proof of a sale of intoxicants made at any time within the two preceding years. The same rule applies where one is tried in the circuit court not on his appeal but on an indictment found by the grand jury against him. Then, why should not one who appeals from a city court on conviction of a charge of violating the municipal regulations as to sale of intoxicants within the city limits not also be required, on his trial in the circuit court, to submit to a similar rule? *Hudson v. State,* 73 Miss. 784, cited by opposing counsel, is not applicable. The instructions granted for the state on this subject were correct. *State v. Rudy,* 57 Pac. 263; *Davis v. State,* 32 S. E. 130.

Under the provisions of our state constitution, as set forth in *Telheard v. Bay St. Louis,* 87 Miss. 580, Code 1906, § 1762, is applicable to trials of misdemeanors appealed from the mayor's court to the circuit court. Certainly, in those municipalities acting under their own charters, it is not necessary for the municipal authorities to adopt each separate section of the code in order that the same may apply within the city limits. Were such the case, the general rules of statutory procedure of our code with regard to a defendant's testifying in his own behalf or with reference to a wife's testifying in her husband's favor, or with regard to examination of a witness as to his conviction of a crime, would be inapplicable, in trials of defendants for municpial offenses, in the municipal courts of such cities, unless proper ordinances with reference thereto

had been adopted and placed in force before the dates of such trials.

*George Butler,* assistant attorney-general, on the same side.

It is vigorously contended by appellant that inasmuch as this is a prosecution for violation of a municipal ordinance of Yazoo City, which city has adopted no ordinance providing for the admission in evidence of proof of more than one sale of intoxicants on a charge of a specific sale within the city limits, and inasmuch as the city has not adopted Code 1906, § 1762, as applicable to its rules of legal procedure in such case, therefore, as a result, it was improper in the court below to admit evidence of two separate sales. This contention is incorrect, since, irrespective of the action of the city authorities to such end, Code 1906, § 1762, will apply. *Telheard v. Bay St. Louis,* 87 Miss. 580, Const. sec. 26.

The effect of Code 1906, § 1762, was to charge the appellant, under the affidavit, on his appeal to the circuit court, with every illegal sale of intoxicants he had ever made within the city limits for the two years preceding the date of the affidavit. Hence, the instructions in favor of the state were not erroneous.

Under Code 1906, § 87, taken together with article 28 of the city's charter, appellant could legally be tried on his appeal to the circuit court in manner similar to a trial in case he had appealed from the court of a justice of the peace. Both trials, on appeal, are *de novo.*

FLETCHER, J., delivered the opinion of the court.

This appellant was charged in the mayor's court of Yazoo City with the unlawful sale of whiskey, and, being there convicted, appealed to the circuit court. On the trial in the circuit court the city not only proved the same sale relied on in the mayor's court, but an additional sale, made some six months previously. The court declined to compel the city to elect one of these sales upon which to stand, and charged the jury that, if either sale had been proven, then the jury was authorized to convict.

Several objections were then made to the validity of the city ordinances, all of which were overruled. From a conviction in the circuit court, this appeal is prosecuted.

Many of the questions presented by this record were before the court in the case of *Booze v. Yazoo City,* 94 Miss. 428, 48 South. 820, and it was said in the opinion in that case that these contentions were without merit. Although this has been expressly decided, we deem it not amiss to refer to these points more in detail.

It is said that the compilation of the ordinances of Yazoo City known as "Holmes' Code" should not have been admitted in evidence, because it did not contain any certificate of the clerk as to its official character. But we think this defect, if it may be so called, was cured by permitting the city clerk on the trial to supply the missing certificate.

It is made ground of objection that the charter of Yazoo City gave no power to the city council to prohibit the sale of intoxicants. But article 11 of the charter expressly confers the power "to restrain, prohibit, or suppress tippling houses, dramshops, gaming, gambling houses, houses of ill fame, and all other disorderly houses." By article 20 of the charter power is given to "ordain all needful laws for preventing and suppressing all crime, obscenity, profanity, drunkenness, and other disorderly conduct." It is said that the power to suppress does not authorize an entire prohibition of the sale of whiskey, but only permits disorderly and improper houses to be suppressed. But the case of *Corinth v. Crittenden,* 94 Miss. 41, 47 South. 525, dealing with pool rooms in a special charter town, is a complete answer to this contention, and the reasoning of that opinion need not be repeated.

It is said, again, that Yazoo City cannot institute a criminal prosecution, since there is no mode of procedure provided in the ordinance for inaugurating such a prosecution. But this court has held in *Telheard v. Bay St. Louis,* 87 Miss. 580, 40 South. 326, that a prosecution for a violation of a municipal

ordinance is governed by the provisions of section 26 of the constitution of 1890, and in effect that in such prosecutions there must be a complaint in writing, which shall specify the nature and cause of the accusation. So it would appear that, in the absence of any ordinance regulating the procedure, an affidavit, or at least some definite description of the offense, is demanded by the terms of the constitution.

We cannot yield to the earnest argument that the penalty prescribed by the Yazoo City ordinance is so severe as to constitute cruel and unusual punishment. True, it provides a minimum punishment far in excess of the minimum punishment carried by the state law; but by article 30 of the charter large powers are conferred upon the city in enforcing its police powers. It must necessarily be left largely to the discretion of the city as to what penalties are imposed for violating its police ordinances.

This brings us to the consideration of the principal questions urged upon the attention of the court, which questions are not involved in the *Booze case* and are peculiar to the case now under consideration. It is earnestly argued that it was error for the circuit court to permit evidence to go to the jury of any sale of intoxicating liquor except the one counted on and proven in the mayor's court. Especially is it said that the court erred in charging the jury to convict if the jury believed that either of the two sales had been proven. The argument is that Code 1906, § 1762, is but a rule of evidence, and that its provisions must be construed so as to harmonize with the holding of this court in cases like *Hudson v. State,* 73 Miss. 784, 19 South. 965. Therefore counsel contend that the state must select one particular sale upon which to predicate a conviction, and that proof of other sales should be considered merely as evidence of the defendant's guilt. If this view be correct, it is evident that the court fell into error in giving the second and third instructions for the state.

This question has been before the court more than once, and

convictions resting upon evidence of several sales have been affirmed without written opinions, and that, too, in cases where the court declined to put the state to an election. The view which has controlled the court, and which is now for the first time set out in a written opinion is that Code 1906, § 1762, amounts to far more than a rule of evidence. This conclusion is unescapable, when proper weight is given to that part of the statute which provides: "But in such cases, after conviction or acquittal on the merits, the accused shall not again be liable to prosecution for any offense of the same character committed anterior to the day laid in the indictment, or in the affidavit." If it be true that the defendant is tried for making a single sale, then no reason can exist for making a conviction a bar to subsequent prosecution for any offense committed within two years of the date laid in the indictment. When this statute is considered in connection with the general statute on the subject, it would seem clear that the rule announced in such cases as *Hudson v. State, supra; Naul v. McComb City,* 70 Miss. 699, 12 South. 903, and *Ware v. State,* 71 Miss. 204, 13 South. 936, has been abrogated. To some extent the very essence of the offense has been materially changed. We think that, as the law stands now, its effect is to make the sale of intoxicating liquors stand upon the same basis as a nuisance. In other words, it is now unlawful for any person to sell liquors, and the offense is made out by proof of sales, however few or numerous they may be, provided they are committed within two years prior to the time laid in the indictment. It is, of course, perfectly manifest that, if this view be correct, there can be no objection to the statutory provision permitting proof of several sales, and authorizing conviction if the jury believes that any or all have been made. The case is analogous to a prosecution for keeping a gambling house, or a bawdy house, or any other series of acts which are injurious to public morals. In all these cases the substantive offense may be proven by showing individual, though isolated, acts.

It is said, however, that if this be the correct view of the law this case must be reversed because by no ordinance of Yazoo City has there been any adoption of Code 1906, § 1752, which it is said applies only to prosecutions by the state. We think this is taking too narrow a view of the scope and evident meaning of the statute. It should be borne in mind that this court has decided, in the case of *Telheard v. Bay St. Louis, supra,* that prosecutions under municipal ordinances are subject to the provisions of the constitution. If a person charged with violating a city ordinance is entitled to the protection guaranteed to persons charged with crime by the provisions of the constitution, it must further follow that he is subject to statutory provisions dealing with the identical crime, whether it is sought to be fastened on him by state or municipal authority. Now, Code 1906, § 1762, provides that, in the trial of all prosecutions for violating the liquor laws, proof may be given of more than one violation. We think this language is as much applicable to a prosecution under a city ordinance as is the language of section 26 of the constitution. It is true that the statute provides that "the state shall not be confined to the proof of a single violation," etc.; but this word "state," we think, is used in a general sense to designate any authority in the name of which the prosecution is carried on. It is broad enough to embrace, not in its terms, but in its meaning, a municipal corporation seeking to punish for the violation of its ordinances, as well as the state prosecuting under the ordinary criminal statutes.

*Affirmed.*


WHITFIELD, C. J., delivered the specially concurring opinion.

Yazoo City is operated under a special charter granted by the legislature in 1884 (Laws 1884, p. 566, c. 405). Articles 21 to 30 of that charter show the establishment of a city court, and show the purpose of the legislature to have been to

create within the corporate limits a tribunal, a city court, similar in all respects to justice courts, in the administration of the law. Article 22 of the charter provides: "And the mayor shall have and exercise all the powers and jurisdiction of a justice of the peace of said county and also jurisdiction of all causes founded upon the breach or violation of any laws or ordinances of said city. Said mayor, in the exercise of said jurisdiction, shall . . . exercise all power that may be necessary and proper for the performance of his duties, and which a justice of the peace of said county may by law do in like cases." Article 24 provides that all process of the mayor shall be issued and executed in the same manner and subject to the same regulations "that are by law established with regard" to that "of justices of the peace in said county." Article 26 provides that said trials in the mayor's court "shall be conducted according to the practice of the courts of common law, as modified by the statutes of this state." Article 28 provides that any party to a prosecution in the city court may appeal to the circuit court, and "all appeals from said city court to said circuit court shall be subject to the same rules of proceedings, trial and judgment that are by law prescribed in the case of appeals from justices of the peace of said county to said circuit court." Code 1906, § 87, provides: "In all cases of conviction of a criminal offense against the laws of the state, by the judgment of a justice of the peace, or by the mayor or police justice of a city, town, or village, for the violation of an ordinance thereof, an appeal may be taken to the circuit court of the county, which shall stay the judgment appealed from," etc., and, further, that "in the circuit court the case shall be tried anew and disposed of as other cases pending therein."

Notwithstanding these ample provisions it is insisted by the appellant that Code 1906, § 1762, can have no applications to trials in the city court of Yazoo City, until after a specific ordinance to that end shall have been adopted, even when the case is on trial in the circuit court on appeal from the judgment

of the city court. The express provision of article 26 is that trials before the mayor shall be conducted according to the practice of courts of common law, as modified by the statutes of this state, and this provision makes it wholly unnecessary to pass any specific ordinance adopting Code 1906, § 1762. If that contention be sound, then it would be necessary also to adopt specific ordinances applying each state statute, modifying the practice under the common law, so as to make them available in the mayor's court. This plainly cannot be sound. As shown in the brief of learned counsel for appellee, such a construction as is contended for by learned counsel for appellant in his behalf would require special ordinances adopting a statute permitting a defendant to testify in his own behalf, or the statute permitting a man's wife to testify in his favor, or the statute permitting a witness to be examined touching his conviction of any crime, or the statute limiting prosecutions to two years from date of commitment, and other statutes too numerous to mention. The very purpose of the articles which we have quoted from the charter was to make the practice in the mayor's court just the same as the practice in the courts of common law, modifying such practice from time to time as the statutes of the state modify the practice in the courts of common law. There was no need of any special ordinance adopting Code 1906, § 1762. The charter itself created the court, and itself provided that that court's procedure should be the same as that of the courts of common law, as modified by the statutes of the state, and this provision as to procedure was ample.

It would be an extremely curious state of the law if the mayor and council of Yazoo City could regulate the procedure in the circuit court on appeal from the judgments of the mayor's court. There might, in such case, be one mode of procedure provided by the mayor and councilmen, applicable to appeals from the mayor's court and another set of rules provided by the general law for the trial of cases appealed to

the circuit court from courts of the justices of the peace, etc. This confusion was prevented by the provision of article 26, above quoted. Every change in the statute law which modifies the practice in the courts of justices of the peace *ipso facto* modifies the practice in the city courts, and thus harmony and uniformity of procedure is secured; and this view of the matter seems to have been, ever since the granting of the charter in 1884, the one which has been practically accepted and acted upon. In McQuillan on Municipal Ordinances, p. 509, par. 326, it is said, citing authorities: "When police justices or municipal judges are invested with the same jurisdiction as justices of the peace or trial justices, the rules of procedure in ordinance cases are the same, unless provision is otherwise made by law."

One of the chief arguments, insisted upon with great ability by the learned counsel for appellant, is that Code 1906, § 1762, cannot be applied to the trial of cases in the mayor's court in Yazoo City, because such section creates more than a rule of evidence—in fact, creates a rule of substantive law—and whilst, if it had created a mere rule of evidence, it might, under well known principles, have been applied to the mayor's court it cannot be so applied, since it creates a rule of substantive law. In varying form of expression and with great ingenuity this contention is urged. So far as the procedure in the trial in the mayor's court is concerned, my view is that this section does not create any more than a mere rule of evidence. It is a little difficult to make the meaning of the legislature clear, since they have most awkwardly added to the body of the section, which relates to nothing but a rule of evidence, matters wholly foreign and alien, to wit, a legislative pardon. In other words, they have, in the most bungling fashion, annexed and tacked upon the body of the statute dealing with the rule of evidence, the last clause of which relates to a legislative pardon, a matter wholly alien to the original purpose and design of the statute, which was merely to provide

a rule of evidence. My conception of the purpose of the legislature can be made plain by supposing Code 1906, § 1762, to be separated into two distinct sections, the first of which should embrace all but the last clause, and the second of which should embrace the last clause only. Most undoubtedly then, the first section would create a mere rule of evidence, and the second would create a legislative pardon. In essence they are wholly distinct, the one from the other. Why, then, should the legislative blunder of putting two things, distinct in essence, in the same section, be held to have the effect of making the statute—undoubtedly one relating to a rule of evidence originally—one creating, not a mere rule of evidence, but a rule of substantive law? My view is that, so far as the conduct of a trial in the mayor's court is concerned, the addition to Code 1906, § 1762, of the last clause about a legislative pardon has no effect whatever in changing the purpose and design of the legislature, which was plainly to establish a mere rule of evidence. I am therefore of the opinion that Code 1906, § 1762, so far as procedure is concerned, is to be treated as creating a mere rule of evidence, and hence, under well settled principles, it was applicable to trials in the mayor's court, special charter towns, and in all courts of justices of the peace, or other courts of the state.

Taking article 28 of the charter of Yazoo City together with Code 1906, § 87, it is clear that a case appealed from the mayor's court to the circuit court shall be in the circuit court tried just the same as an appeal from the justice of the peace court would have been tried; in other words, the cases from both courts are tried *de novo*. The contention that Code 1906, § 1762, permits evidence of all sales within the period of the bar of the statute of limitations, merely for the purpose of using other sales than the one on which the party may be convicted as evidence tending to show the guilt of the party as to the sale for which he is on trial, and that this is the whole scope of the section, is unsound. The fact that the code sec-

tion provides a legislative pardon as to all offenses is a perfect answer to this. The object of the legislature was to permit the conviction of the defendant on proof of any sale not barred by the statute of limitation, and then, since in the absence of compulsory election on the part of the state, it would be impossible to tell for which sale the defendant had actually been convicted or acquitted, to grant after verdict and conviction a legislative pardon as to all other prior sales, so that the defendant might not be twice tried for the same offense. I have written this much in order to indicate clearly the view I have in this matter and my conception of the particular reasons because of which I concur in the judgment of affirmance.