KYLE *v.* TOWN OF CALHOUN CITY.

[86 South. 340.   No. 21343.]

1. CRIMINAL LAW. *Municipal corporations. Supreme Court does not take judicial notice of ordinances.*

This court does not take judicial notice of municipal ordinances. In a prosecution for the violation of an alleged municipal ordinance, a conviction thereunder will not be sustained, if the ordinance is not introduced in testimony.

2. CRIMINAL LAW. *Failure to prove venue reviewable, although not raised below.*

The failure of the state in a criminal case to prove the venue is a jurisdictional error, and may be reviewed in this court, although not raised in the court below.

APPEAL from circuit court of Calhoun county.

HON. C. LEE CRUM, Judge.

B. F. Kyle was convicted in the mayor's court of the town of Calhoun City for the violation of an ordinance by wagering or betting, and from a conviction on appeal to the circuit court, Kyle appeals. Reversed and remanded.

*Mayes & Potter,* for appellant.

It is well settled in this state that our courts other than municipal courts do not take judicial notice of town ordinances. In the case of *Naul* v. *State,* 12 So. 903, this court said in reversing a case appealed from the municipal court of McComb City, to the circuit court, where no ordinances was offered in evidence that: "Although this cause appears on the docket of this court and did so appear on that of the court below as a prosecution for the violation of a state law, the affidavit which is the foundation of the proceeding clearly shows it to be a prosecution for the violation of an ordinance of the Town of McComb City. We do not know, and cannot be informed, except by the record, that there is an ordinance of said town against the act charged, for we do not take judicial notice of town ordinances. There is nothing in the record to show the existence of such ordinance, and so far as is disclosed, the appellant is under sentence for an act not prohibited by any other law than that of the state for a violation of which he is not prosecuted."

In the case of *Spears* v. *The Town of Osyka,* 46 So. 558, 92 Miss. 790, Spears was tried and convicted in the municipal court of Osyka for violating an ordinance of the town prohibiting the use of profane language on the streets; he appealed to the circuit court and was again convicted and appealed to the supreme court. In deciding this case the court said:

"This appeal is prosecuted from a conviction in the mayor's court in the town of Osyka of the violation of a town ordinance. An appeal was taken to the circuit court and

on the trial there the ordinance under which the prosecution is conducted was not introduced in evidence. When the testimony was in, counsel for appellant, he moved to exclude the testimony because of the failure on the part of the prosecution to introduce in evidence the ordinance. This motion was overruled by the court, and this is assigned as error. The question was settled in the case of *Naul* v. *McComb City,* 70 Miss. 699, 12 So. 903, and is reaffirmed.

It will be noted that the point was made in the case by the assistant attorney-general (refer brief on page 791 of 92 Mississippi), that in a number of states, Kentucky, Kansas, West Virginia, Oregon and Iowa, and perhaps others, upon appeal from a municipal court the appellate court is bound to take judicial cognizance of the ordinance which would be judicially known to the municipal court, and such is the holding of the courts in those states, but it will be noted that this point, though raised in that case and properly raised, was held not to be well taken, but the general rule was followed.

In Volume 17 Encyclopedia of Law, page 937, the general rule is laid down as follows: "The general rule is that state courts of general jurisdiction will not take judicial notice of municipal ordinances. A municipal ordinance is not regarded in the light of a public law, of which the courts should take judicial notice but the party relying thereupon must allege and prove it as a matter of fact."

In 15 R. C. L., page 1077, paragraph 16, the general rule is laid down as follows: "The ordinance and by-laws of a municipal corporation are not public laws, and therefore, as they do not fall within the circuit of the judicial knowledge of the courts of general jurisdiction, they must be pleaded and proved if material to the case at bar, and mere reference to an ordinance by dates and figures is not a sufficient pleading."

In 28 Cyc., 393, the same general rule is laid down as follows: "The general rule is well settled that municipal

ordinances and by-laws are not laws of which notice will be taken but facts to be pleaded and proven."

Venue not proven. The venue in a criminal case is jurisdictional, and jurisdictional questions can be, raised for the first time in the supreme court, as expressly provided in section 4936, Code of 1906, and as decided expressly in the case of *Monroe* v. *State*, 103 Miss. 762.

SYKES, J., delivered the opinion of the court.

An affidavit for wagering or betting was made out against the appellant before the mayor of the town of Calhoun City for the violation of a town ordinance. The appellant was convicted in the mayor's court, and appealed to the circuit court, in which court he was also convicted, and from which judgment this appeal is prosecuted.

The material testimony in the case indicates that appellant and the party with whom the alleged wager or bet was made met in a barber shop, and thereafter fifty dollars was put in an envelope and turned over to some employee of the bank by the other party to the transaction. The appellant was not present when the envelope was delivered to the bank. That this alleged wager took place in the town of Calhoun City is not directly shown by the testimony. It nowhere appears therein that this barber shop is within the corporate limits of this town, and it only inferentially appears that the bank is in Calhoun City. The town introduced the mayor, and identified by him the ordinance book of the town, but failed to introduce in testimony the book, or any ordinance making it a municipal offense to wager or bet.

This court does not take judicial notice of municipal ordinances, and it devolved upon the town to introduce in testimony the ordinance claimed to be violated. *Naul* v. *McComb City*, 70 Miss. 699, 12 So. 903; *Spears* v. *Town of Osyka*, 92 Miss. 790, 46 So. 558. The town should have proven the venue, viz., that the alleged offense was committed within the limits of the municipality. The venue in

a criminal case is jurisdictional. *Monroe* v. *State,* 103 Miss. 759, 60 So. 773.

At the conclusion of the testimony in the case appellant, defendant in the lower court, was refused a peremptory instruction. Under the testimony in the case this instruction should have been granted.

The judgment of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*

