BOHANNAN *v.* CITY OF LOUISVILLE.

(Division A.   Oct. 31, 1932.)

[144 So. 44.   No. 30212.]

Z. A. Brantley, of Louisville, for appellant.

**E. M. Livingston,** of Louisville, for appellee.

**Cook, J.,** delivered the opinion of the court.

On appeal to the circuit court from a conviction in the police court of the city of Louisville, the appellant was again convicted of selling intoxicating liquors in violation of the ordinances of said city, and was sentenced to pay a fine of one hundred dollars and to serve a term of ninety days in jail.

He now seeks a reversal of the judgment of the circuit court on the ground, among others, that the record

fails to show any ordinance of the city prohibiting the sale of intoxicating liquors. Upon this point this case is ruled by Naul v. McComb City, 70 Miss. 699, 12 So. 903, wherein the court said: "We do not know, and cannot be informed, except by the record, that there is an ordinance of said town against the act charged, for we do not take judicial notice of town ordinances. There is nothing in the record to show the existence of such ordinance, and, so far as is disclosed, the appellant is under sentence for an act not prohibited by any other law than that of the state, for a violation of which he is not prosecuted." This holding was reaffirmed in the case of Spears v. Town of Osyka, 92 Miss. 790, 46 So. 558.

Counsel for the city admits the omission to introduce in evidence the ordinance under which the prosecution was conducted, but suggests that the force of the rule announced in the Naul and Spears cases, supra, may be avoided by the fact that a general ordinance of the city of Louisville making offenses against all penal laws of the state, which are misdemeanors, offenses against the city, was in evidence and considered by this court in the case of Lindsey v. City of Louisville, 156 Miss. 66, 125 So. 558. We presume counsel means to say that since, at some time in the past, this court upheld the validity of a general ordinance of the city of Louisville, making all misdemeanors under the penal laws of the state offenses against the municipality, when committed within its corporate limits, the court should now take judicial notice of the present existence of such an ordinance. There can be no merit in this contention. The conviction of appellant must rest upon the record made in the case against him, and we cannot look to the evidence of the existence of such an ordinance appearing in other records to supply the deficiency in the record now before us.

There is no merit in any of the other assignments of error, but it is proper to call attention to the fact that the punishment imposed upon the appellant, that is,

ninety days in jail, was in excess of the penalty which may be imposed by municipal corporations. Section 2424, Code of 1930.

Reversed and remanded.