McDaniel *v.* City of Grenada

No. 43473        February 22, 1965        172 So. 2d 223

*Robertson Horton,* Grenada, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

Inzer, J.

Appellant, W. B. McDaniel, was convicted in the city court of Grenada on a charge of unlawful parking. He appealed to the Circuit Court of Grenada County, where he was tried before a jury. The jury found him guilty as charged and the court sentenced him to pay a fine of $25 and to serve 15 days in jail. The jail sentence was suspended. From this sentence he has appealed to this Court.

The affidavit upon which appellant was tried charged him with wilfully and unlawfully having his automobile illegally parked on the east side of Adams Street in the City of Grenada, in a place where there was to be no parking at any time contrary to the laws and ordinances of the City of Grenada.

On the trial of the case the city, over the objection of the defendant, introduced as evidence by reading into the record the following:

The regulation of traffic and traffic signal lights including but not limited to such matters as speed and the parking of vehicles, one-way streets, and all matters of any type pertaining to the reasonable regulation of traffic on the streets and alleys of the City of Grenada shall, from time to time, be changed by the Police Department of the City of Grenada, and such changes shall be indicated by the location or placing of signs, lights and so forth, and all persons shall obey said traffic signs at all times.

The city manager testified that this ordinance was section 468 of the Grenada Code of 1960. There is no proof

in the record before this Court to show that the Code testified to was ever legally adopted by the city. Neither does the record reflect that the ordinance admitted in evidence was certified to by the city clerk as required by Mississippi Code Annotated section 3374-77 (1956).

██ ██ Appellant contends among other things that the trial court was in error in overruling his motion for a directed verdict. We are of the opinion that this motion was well taken and should have been sustained. There was no ordinance legally in evidence to sustain the charge. ██ ██ Furthermore, the ordinance wrongfully admitted into evidence would not substantiate the charge. All this ordinance does is to require all persons to obey such regulations that may be made by the Police Department. It provides no penalty for failure to obey. It may well be that some other ordinance of the city makes it a misdemeanor to violate this ordinance; ██ ██ however, we do not take judicial notice of municipal ordinances. City of Amory v. Yielding, 203 Miss. 265, 34 So. 2d 726 (1948); Kyle v. Town of Calhoun City, 123 Miss. 542, 86 So. 340 (1920); Naul v. McComb City, 70 Miss. 699, 12 So. 903 (1893).

For the reasons stated this case must be reversed and the appellant discharged. This disposes of all the issues before the Court, and for that reason we do not reach the constitutional question raised by appellant. Broadhead v. Monaghan, 238 Miss. 239, 117 So. 2d 881 (1960).

Reversed and appellant discharged.

*Kyle, P. J., and Gillespie, Rodgers and Brady, JJ.,* concur.