T. J. BAILEY v. THE STATE.

SALE OF LIQUORS.  *Evidence of distinct offenses under one indictment.*

If on the trial of one for unlawfully selling liquors, the prosecution has directed its evidence to one particular occasion, it is error to question defendant, on cross-examination, as to a sale on another and distinct occasion ; and if this is done, a conviction will be set aside. *King v. The State,* 66 Miss. 502.

FROM the circuit court of Copiah county.

HON. J. B. CHRISMAN, Judge.

The indictment in this case averred that appellant wilfully and unlawfully sold spirituous and intoxicating liquors within five miles of the corporate limits of the towns of Wesson and Beauregard, in the county of Copiah. The only witness whose name appears upon the indictment, and the only witness who was examined by the state, was one Quarrels who testified that in April, 1888, he bought a half pint of whisky from appellant within five miles of the towns

of Wesson and Beauregard, and paid twenty-five cents therefor. The state then rested.

The defendant, as a witness in his own behalf, denied the sale, but upon cross-examination was asked in reference to a sale upon another occasion at his residence, when he procured whisky for Quarrels and two other men, who paid him twenty-five cents for it. Defendant denied this transaction, but admitted that he did, on the last-named occasion, put a flask of whisky on the mantel-piece for these men to drink, and that his son afterwards found the money there, and gave it to him. This was all the evidence. The defendant was convicted, his motion for a new trial was overruled, and he appeals.

*J. S. Sexton,* for the appellant.

The action of the court in permitting evidence of a sale on another and distinct occasion from the one first testified about was erroneous, and necessitates a reversal. *King* v. *The State,* 66 Miss. 502.

*T. M. Miller,* attorney-general, for the state.

This was not the case of proof of two distinct offenses under an indictment charging only one. The state proved the sale to Quarrels and rested. The defendant in his own behalf denied that he sold any whisky, at the place indicated, to Quarrels. This statement justified the district-attorney in cross-examining him to test his memory or even to impeach him by inquiring of him as to other sales at the same place. The state was bound by his answers.

CAMPBELL, J., delivered the opinion of the court.

The appellant was perhaps convicted of an offense for which he was not indicted. It is manifest that he was indicted for selling whisky on an occasion known to and testified of by Quarrels; and, on cross-examination by the district-attorney, he was made to testify as to a transaction with respect to whisky, for which he may have been convicted, which was another and different occasion from that testified to by Quarrels. It is impossible to determine to which

occasion the verdict relates. The interrogation of the defendant as to an occasion different from that sworn to by Quarrels should not have been permitted. *King* v. *The State,* 66 Miss. 502.

*Reversed and remanded.*