## Florence Moses *v*. State.

[56 South. 457.]

Sale of Intoxicating Liquors. *Evidence. Admissibility. Code 1906, section 1762.*

> Under Code 1906, section 1762, providing that in prosecutions for the unlawful sale of liquors the state may give in evidence any sale within two years before the day laid in the indictment or affidavit, it was error to admit proof of a sale made after the day laid in the indictment, though before the indictment was returned.

Appeal from the circuit court of Lincoln county. Hon. D. M. Miller, Judge.

Florence Moses was convicted of unlawful retailing and appeals.

The facts are fully stated in the opinion of the court.

*Nall & Lanier*, for appellant.

The indictment charges that defendant did, on the 2d day of January, A. D. 1911, sell and retail intoxicating liquor. On pages 18 and 19 of the record, you will see that the state witnesses, Felix Coleman and Henry Smith, were permitted, over defendant's objection, to give testimony of a sale of whiskey on January 12, 1911, being several days after the date of sale alleged in the indictment. This was clearly error and the judgment of the court should be reversed because of this ruling. The statute gave the state the privilege to introduce evidence to any number of sales prior to the date laid in the indictment (section 1762, Mississippi Code 1906), but it certainly is not the law to permit evidence of sales subsequent to the date laid in the indictment. For the errors above mentioned, we submit that the judgment of the circuit court should be reversed.

*Jas. R. McDowell,* assistant attorney-general, for appellee.

The statute, section 1762 of the Code of 1906, permits evidence of any sales within two years "anterior to the day laid in the indictment or affidavit." My understanding of this section has been that proof of sales after the day laid in the indictment should, not be permitted; but I call the court's attention to the case of *Wadley* v. *State,* 50 So. 494, where the indictment leaves the date blank and permits proof of sales within two years prior to the date of the finding of the indictment. I take it where the date is left blank, the date of the finding is taken to be the date laid in the indictment. See, also, Code, section 1428, allegations of time in indictment. It may be, therefore, that the trial court was correct in admitting testimony for the reason stated on page 18 of the record, which is; "the objection is overruled for the reason that the indictment shows that it was returned by the grand jury on the 16th day of January," which date is subsequent to the date of sale as testified to by these witnesses.

As before stated, there is ample evidence, undisputed, to convict the defendant, even without the testimony of the sales January 12. But whether because of the instruction granted for the state the jury might have been led away from the other testimony and their minds directed to the sales January 12, so that conviction was probably had based upon these sales, is a matter which I submit to the court.

McLain, C.

Appellant was convicted in the circuit court of Lincoln county for unlawful sale of liquor, and was sentenced to pay a fine of five hundred dollars and to imprisonment for ninety days. From this judgment and sentence, she appeals to this court.

The indictment in this case was returned into the court and marked filed "January 16, 1911." In the body of the indictment the crime is alleged to have been committed on January 7, 1911. Felix Coleman and Bill Smith both testified that they bought whisky from appellant on January 12, 1911. Birt Coon testified that he bought whisky from appellant in March, 1910. On behalf of the state, the court instructed the jury that, if they believe from the evidence that Florence Moses sold the liquors to Coleman and Smith, then she is guilty as charged. The sale to Coleman and Smith occurred on January 12, 1911, four days prior to the finding of the indictment, and five days after the date of sale laid in the indictment.

Section 1762, Code of 1906, provides that "on the trial of all prosecutions for the violation of law by the sale or giving away of liquors, bitters, or drinks, the state shall not be confined to the proof of a single violation, but may give evidence in any one or more offenses of the same character committed anterior to the day laid in the indictment or in the affidavit, and not barred by the statute of limitations; but in such case, after conviction or acquittal on the merits, the accused shall not again be liable to prosecution for any offense of the same character committed anterior to the day laid in the indictment or in the affidavit."

This statute permits evidence of any sale within two years "anterior to the day laid in the indictment or affidavit." When under this statute, proof of more than one sale is admitted, proof of sales after the day laid in the indictment should not be permitted. It is true, if the indictment leaves the date blank, as in the case of *Wadley* v. *State*, 96 Miss. 77, 50 South. 494, the prosecution would be permitted to make proof of sales within two years prior to the date of the finding of the indictment. The proof in this case was sufficient to convict appellant, independent of the testimony of Felix Cole-

man and Bill Smith; but the court, by instruction charged the jury that, if they believe from the evidence that appellant sold liquors to Coleman and Bill Smith, then she is guilty. We think this instruction was error. The sales to Coleman and Smith were made five days after the date laid in the indictment.

For this error, we think the case should be reversed.

*Reversed and remanded.*

Per Curiam. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the judgment is reversed, and the cause remanded.