MAGGIE CAGE v. STATE.

[62 South. 358.]

CRIMINAL LAW. *Evidence. Other offenses. Code* 1906, *section* 1762.
    Under Code 1906, section 1762 providing that "on the trial of
    all prosecutions for the violation of law by the sale or giving
    away of liquors, bitters or drinks, the state shall not be confined
    to the proof of a single violation, but may give in evidence any
    one or more offenses of the same character committed anterior
    to the day laid in the indictment or in the affidavit and not
    barred by the statute of limitations," etc.   In order that evi-
    dence may be given of more than one offense occurring anterior
    to the date laid in the indictment, the date must be specifically
    laid in the indictment, it not being sufficient to merely aver
    that the offense was committed some time during a named
    year.

APPEAL from the circuit court of Madison county.
HON. W. A. HENRY, Judge.
Maggie Cage was convicted of the unlawful sale of liq-
uors and appeals.
This is an appeal from a conviction of a violation of
the liquor laws of the state.  Section 1762 of the Code
of 1906, referred to in the opinion, is as follows: "1762.
On the trial of all prosecutions for the violation of law
by the sale or giving away of liquors, bitters, or drinks,
the state shall not be confined to the proof of a single
violation, but may give in evidence any one or more of-
fenses of the same character committed anterior to the
day laid in the indictment or in the affidavit, and not
barred by the statute of limitations; but in such case,
after conviction or acquittal on the merits, the accused
shall not again be liable to prosecution for any offense
of the same character committed anterior to the day
laid in the indictment or in the affidavit."

*R. S. Powell* and *Powell & Thompson,* for appellant.

Our contention in this case is:

First, that section 1762 of the Code of 1906, is unconstitutional as violative of section 26 of the Constitution of 1890.

Second, that there was no date laid in the indictment of the commission of the offense and consequently the court could not permit separate violations of the law to be given in evidence.

As to our first point as to the unconstitutionality of section 1762 of the Code, we have to say that where evidence of several offenses are permitted to be given in evidence, without any mention in the indictment as to the time and place of the commission of either of them, surely the defendant is not apprised of the nature and cause of the accusation made against him as required by said section 26 of the constitution. This court has decided that this section of the constitution was intended to secure "to the accused such a specific description of the offense as will enable him to make preparation for his trial," and also such identification of the offense that he may be insured against a subsequent prosecution therefor. See *Noolan* v. *State,* 1 Smedes & M. (Miss.) 562; *Murphey* v. *State,* 24 Miss. 590; *Gerrard* v. *State,* 25 Miss. 469; *Riggs* v. *State,* 26 Miss. 51; *Norris* v. *State,* 33 Miss. 373; *Newcomb* v. *State,* 37 Miss. 383; *Williams* v. *State,* 42 Miss. 328; *Riley* v. *State,* 43 Miss. 397; *Thompson* v. *State,* 51 Miss. 353.

Where several offenses are permitted to be given in evidence, how can a defendant avail himself of this constitutional provision when there is no date to the indictment and no time, place or circumstance to put him upon notice; how can he plead a former conviction, or a former acquittal, or the bar of the statute of limitations, or an alibi? How can he prepare for his defense at all when the first notice is given to him by witnesses on the trial when it is too late to summon his own witnesses to

rebut the evidence of the state? He may find too late that his witnesses are not in court or that he has summoned them for the wrong time. He might be able to show that the witnesses of the state were not present at the time of the alleged sale and yet he can prepare for none of these things under an indictment such as returned in this case.

We therefore say that section 1762 of the Code permitting divers offenses to be given in evidence without any information to the defendant by which he can prepare for trial is unconstitutional and void.

The legislature might just as well have provided that in all prosecutions for murder many other murders committed within a given time might be introduced in evidence against the defendant without giving him any notice whatever of the time, place or circumstances of the same, or it might have provided just as well that if a party was charged with any crime then any other offense of which he might be guilty within two years could be given in evidence against him without any mention being made of what the other crimes were in the indictment. Surely this would not be in compliance with section 26 of the Constitution. It does look as if the legislature is wandering away from the old landmarks in its righteous attempt to break up blind tigers.

Second. The court will note from the indictment in this case that it fails to charge any time for the commission of the offense and the court will further note from the testimony in the case that numerous charges were given in evidence.

Now previous to the enactment of section 1762 of the Code of 1906 this court decided that it was reversible error to give evidence of more than one sale on the trial of an indictment of this character. See *Nall* v. *McComb City,* 70 Miss. 699; *Ware* v. *State,* 71 Miss. 304.

This court further decided in the case of *Wadley* v. *State,* 81, "that the state must take the benefits of sec-

tion 1762 subject to its burdens." Now this statute provides that evidence of the violation of the liquor law may be given in one or more offenses of the same character committed anterior to the day laid in the indict-ment.

Our contention is that before the state can avail itself of this provision in this section of the Code some day must be laid in the indictment; it being a criminal statute, it must be strictly construed and unless some day is laid in the indictment, more offenses than one cannot be inquired into. This section of the Code further provides that the defendant shall not be subject to prosecution for any offense of the same character committed anterior to the day laid in the indictment. If there is no day laid in the indictment, how can the defendant have the benefit of this provision? Would it not be judicial legislation, I humbly submit, if the court will say that the defendant shall be exempt from the time of the return of the indictment when no day was laid in the indictment? Why couldn't the court just as well say that the time of the exemption shall be from the day of the trial. In other words the law is plainly written; can the courts read into it something which is not there?

*Frank Johnston,* assistant attorney-general, for the state.

The question of the constitutionality of section 762 of the Code as violative of section 26 of the constitution is not presented in the case for review, or for the decision of this court. The evidence in the case in regard to several sales was introduced by the state without any objection whatever on the. part of the defendant. There was no motion made by the defendant, at any stage of the trial, for a specific statement from the district attorney of the several sales that were introduced in evidence. There was no motion of any sort to require the district attorney to elect which sale he was to proceed under.

There was no objection made of any kind to the validity or constitutionality of section 1762 of the Code. On the contrary, all the evidence in the case was admitted without objection. It was never suggested in the court below that the rights of the defendant were in any manner prejudiced, or that the defendant was misled in any manner, by the evidence of the several sales being introduced by the state. On the contrary, this evidence being introduced and submitted to the jury without objection, the defendant made an effort by evidence on his own behalf to combat the states' evidence in regard to the sales.

If section 1762 of the Code had never been enacted, the defendant could not now raise the question in this court on appeal as to the correctness of the procedure by the district attorney in introducing evidence of two sales. Before the enactment of section 1762 of the Code, the proper course was in all cases, where more than one sale was introduced in evidence, for the defendant to raise objection then and there in the lower court and ask the court to require the district attorney to elect under which sale he would proceed. So that section 1762 of the Code has nothing to do with the case, for, as I have said, in the absence of such a statute the procedure could not now be complained of on appeal as there was no objection whatever, made to it in the court below. A defendant cannot try his case on one ground in the lower court and on different grounds on an appeal to this court. I am not aware of any decision of this honorable court holding, or even intimating, that section 1762 of the Code is in violation of section 26, of the constitution. Of course, in proceeding in these cases the lower court, in allowing evidence of several sales, should proceed with proper regard to the rights and interests of a defendant and should proceed in a manner which would enable the defendant on his objection and initiative, to have ample notice of the sales relied on, and proper time and opportunity in which to prepare his defense? I concede all of

this, but at the same time a defendant cannot sit idly in the trial of his case in the court below without making any objection to evidence on a point of this character or without raising any objection to the mode of procedure and then raise the question for the first time in this court on appeal.

This court has said, recognizing impliedly the constitutionality of this statute, that the state in getting the benefit of the statute must submit to the burdens imposed which are of benefit to a defendant, in this, that the statute makes an acquittal or a conviction a bar to any prosecution begun afterwards, for any offense committed within the two years preceding the date of the former indictment. But the point that I insist upon is, that this question is not in the record and therefore cannot be considered on the appeal.

I do not see how the question of the unconstitutionality of this statute could possibly be raised, or made, in the court below except by an explicit objection by the defendant on the ground of the unconstitutionality of the statute, and in making this point it would be necessary to require the district attorney to make a statement explicitly of the several sales which he proposes to put in evidence.

Upon a denial of this contention by the court below, and in forcing the defendant to meet the evidence of several sales not charged in the indictment, he could present the question in the court below as to the constitutionality of this statute, and, therefore, could review the decision of the circuit court on an appeal to the supreme court. As this record stands, this objection was never raised, and the point was never made in the lower court, and, therefore, this court has no jurisdiction to consider this question on appeal. It is not one of those constitutional questions that can be made for the first time on an appeal, and where the basis of the proposition was not required to be made in the court below. It would be im-

possible for the court to hold that an objection to the constitutionality of a statute could be raised for the first time on an appeal on the brief of the case, where the real objection was not made to the introduction of evidence in the trial court.

I rely confidently on the proposition that the question of the constitutionality of this statute is not in the record as a question to be considered or decided on the appeal, and I am so certain of this proposition that I deem it unnecessary to submit a formal argument on the intrinsic question in respect to the constitutionality of the statute.

The objection made for the first time on the appeal that there is no date laid in the indictment as to the time of the commencement of the offense, cannot be considered by the court. There was no objection made on this ground to the indictment; there was no motion to quash; there was no demurrer to the indictment. There was no motion to require the district attorney to fix the date. The defendant went into the trial of the case under the indictment without any objection whatever as to its sufficiency, and now for the first time raises the objection in this court that the indictment is technically insufficient on this ground. If the objection had been made in the court below, the court could have permitted an amendment to the indictment fixing the exact date of the sale. So an objection in the court below would have been of no avail to the defendant, and I presume for that reason was not made. And no argument can be made on that point in this court because the point is not made in the record, and was never presented to the court below. I think it is a universal rule of appellate procedure and practice that no objection can be entertained by the appellate court where, if made in the court below, it could have been obviated and cured by the trial court.

Cook, J., delivered the opinion of the court.

The indictment in this case, charging appellant with
the unlawful selling of intoxicating liquors, lays the date
of the crime "on the —— day of ——, 1911." Several
witnesses were introduced whose testimony proved sev-
ral distinct sales in the fall of 1911. In order that evi-
dence may be given of more than one offense occurring
anterior to the date laid in the indictment, the date must
be specifically laid. Section 1762 of the Code of 1906 does
not apply in a case like this.    It is not sufficient to
merely aver that the offense was committed some time
during 1911. If the indictment had laid the date upon
some fixed day in 1911, then evidence of several sales
made anterior to the date and within the period of the
statute of limitations would have been competent under
section 1762.

                              *Reversed and remanded.*