MAXEY *v.* STATE.*

(Division B. Dec. 14, 1925.)

[106 So. 353. No. 25012.]

1. CRIMINAL LAW. *Admitting evidence of more than one sale, unless made prior to date alleged, held error; if evidence makes it un-*

*certain whether sale proved may have occurred subsequent to date alleged, conviction will be reversed.*

Under section 2098, Hemingway's Code (section 1762, Code of 1906), it is error to admit more than one sale on the trial of a person charged with selling intoxicating liquors, unless the proof fixes such sale as having been made prior to the date alleged in the indictment. Where the evidence would leave it uncertain whether the offense, or any of those introduced, may have occurred subsequent to the date alleged in the indictment, a conviction will be reversed.

2. CRIMINAL LAW. *Giving instructions after opening arguments without giving opposite party proper opportunity to comment thereon in argument is error.*

It is error to give instructions after the opening of the arguments in a case without stopping the argument and calling attention to the instruction and giving the opposite party proper opportunity to comment on the instruction in argument to the jury.

3. WITNESSES. *Cross-examination as to whether state's witness failed to state to grand jury that accused had sold intoxicating liquor to him held competent.*

Where a witness testified for the state to an alleged sale of intoxicating liquor, and the defendant sought to examine him with reference to whether or not he was before the grand jury, and if he did not go before the grand jury and testify, and if he did not fail to state to the grand jury that the defendant had made a sale of intoxicating liquor to him, it is error to exclude such evidence. In such case it is competent to introduce evidence, not only for the purpose of impeachment, but also for the purpose of affecting the credibility of the state's witness.

4. CONSTITUTIONAL LAW. *Constitutionality of statute not decided, unless necessary to dispose of case.*

The constitutionality of a statute will not be decided, unless it is necessary to decide it to dispose of the case.

*Headnotes 1. Criminal Law, 16 C. J., Section 1174 (Anno); 17 C. J., Section 3662; Evidence of other sales in prosecution for violation of liquor law, see note in 62 L. R. A. 290; 15 R. C. L., p. 398; 2. Criminal Law, 16 C. J., Section 2465; 3. Witnesses, 40 Cyc., pp. 2709, 2716, 2718; 4. Constitutional Law, 12 C. J., Section 212; Criminal Law, 17 C. J., Section 3543.

APPEAL from circuit court of Jones county, Second District.

HON. R. S. HALL, Judge.

John Maxey was convicted of selling intoxicating liquor and he appeals. Reversed and remanded.

*Jeff Collins,* for appellant.

*The court erred in granting the fourth instruction for the state, after the case was argued by the attorneys for the defendant, and when they had no opportunity to answer same, nor had seen it, until it was read to the jury by the District Attorney.* Montgomery v. State, 85 Miss. 330; 37 So. 835.

We insist that the fact that Luther Hill's and Allan Boutwell's names appeared on the indictment as the only witnesses for the state; that they were not used by the state, and two new and unheard of witnesses were used by the state, was very material as facts indicating that defendant had not had an opportunity to meet the case made by these strange witnesses, and for the court to instruct that it was immaterial was bad enough. But for it to instruct secretly, without an opportunity to answer, that it was immaterial, was such error that this court ought to reverse this case.

II. *The court erred in overruling the motion for the defendant to require the state to elect upon which sale of liquor it would go to the jury.* Section 2098, Hemingway's Code. It is our belief that this statute violates section 26 of the Constitution; also section 31 of the Constitution. This statute is in derogation of the common law, and the right of a trial by jury, as contemplated in both sections above of the Constitution of the state, which, of course, have reference to the common-law right of a trial by jury. In the circuit court, where a person is tried on an indictment before a jury there is not any question but that if he is convicted he must be convicted by the combined verdict of twelve men; all agreeing upon the particular offense of which he is guilty. See *King* v. *State,* 6 So. 188.

This happens to be a case where the vice of this statute can be seen from several angles. It is a case where defendant was mislead as to who the witnesses against him would be. It is a case where defendant did not know, until the testimony was begun, who the witnesses against him would be. It is a case where the state gave evidence of two distinct and independent sales by two distinct witnesses. Neither of which defendant had any time to prepare to meet. As said by Judge ARNOLD in the King case above, it may be that the jury in this case were divided, perhaps some of them did not believe Golsby and convicted on the testimony of Hall. Or perhaps some of them did not believe Hall and convicted on the testimony of Golsby. If that be true, and none can say that it is not, then this defendant stands before this court convicted by a divided jury, as to the particular crime of which he is charged. So we earnestly submit that this statute is in violation of the Constitution of the state of Mississippi, and should be so declared by this court.

The provisions of the statute must be strictly construed against the state. *Wadley* v. *State,* 50 So. 494; *King* v. *State,* 54 So. 657.

The indictment charges this defendant with having sold intoxicating liquor on the 17th day of November, 1924. The witness Hall testified that he bought liquor from the defendant on the 11th day of November, 1924, or he said on Armistice Day. But the witness Golsby did not fix the date of the sale that he testified about, other than to say it was some time in November, 1924. He remembered that it was on a Saturday night. The case was tried on the 10th day of December, 1924, and between the 17th day of November, 1924, and the 10th day of December, 1924, there were several Saturdays, and there were two Saturdays after the 17th of November, 1924, in November, 1924. Either one of which could have been, and under the presumption of the innocence of defendant, would be presumed to be the Saturday night about which the witness Golsby was testifying. Therefore, the sale testified

to by the witness Golsby was not "anterior" to the date laid in the indictment, as required by the statute. *Harvey v. State,* 49 So. 268.

Since the law requires that the same certainty must be proven with respect to other sales than the one relied on by the state, and the sale testified to by Golsby in the case before the court was not proven with any degree of cer-. tainty as to time, and since time in this case was a material matter to be proven before more than one sale could be testified to, we submit that the court erred in allowing this testimony to go to the jury. *Moses* v. *State,* 56 So. 457; *Cage* v. *State,* 62 So. 358.

*F. S. Harmon,* assistant attorney-general, for the state.

I. *No reversible error was committed in admitting testimony of the alleged sale to Golsby.* It is perfectly clear that the alleged sale to Clyde Hall, which he swore took place on Armistice Day, 1924, occurred on November 11th, a date anterior to November 17th, the date laid in the indictment, but counsel for appellanit vigorously insists that it is error to permit the testimony of Golsby to go to the jury because of his failure to specify the date of the alleged sale any more definitely than "some time during the month of November, 1924."

The court will note from a reading of section 2098, Hemingway's Code, that the state is not confined to the proof of a single violation, but may introduce evidence with regard to other sales on a date anterior to the date laid in the indictment. It is true that the particular day in November is not definitely fixed, but it will be time enough for the appellant to complain if he be indicted for another sale of liquor committed any time during the month of November, 1924. Surely it may be presumed that this sale was made prior to the 17th of November in the absence of any showing to the contrary.

We state frankly, however, that this is a serious point which counsel raises. *Moses* v. *State,* 100 Miss. 346, 56

So. 457 (cited by counsel for appellant) may, however, be distinguished.    There it appeared affirmatively from sworn testimony that this sale was made after the date laid in the indictment, so there was nothing for the court to do save reverse the cause.  However, in the case at bar, all that we know is that the alleged sale to Golsby is said to have taken place in November, 1924, and, therefore, the record does not show affirmatively that the sale took place after the date alleged in the indictment, and failing to show this testimony was properly allowed to go to the jury, and if appellant is ever prejudiced thereby on another indictment, he can then set up the necessary proof. Unless this distinction is valid this cause must be reversed on the authority of the Moses case.

Our contention that the proof may be taken later if another charge is brought against the appellant is supported, at least partially, by some of the language in *Wadley* v. *State,* 96 Miss. 77, 50 So. 494.

Of course it is well settled that unless there be evidence of more than one sale introduced, specification as to a particular date is immaterial.  *Oliver* v. *State,* 101 Miss. 382, 58 So. 6.

II.  *Constitutionality of statute.*  Counsel insists that section 2098, Hemingway's Code, is unconstitutional. This statute has been before this court time and again.  We insist that it does not violate the provision guaranteeing to every man the right to demand the nature and cause of the accusation.  We find nowhere in this record where appellant called for greater particularity in the indictment, so we fail to see how this issue is here presented. *Peebles* v. *State,* 63 So. 271.

III.  *The trial court did not err in instructing the jury that it was immaterial in the trial of this cause as to what names appeared as witnesses on the back of the indictment.*  On the back of the indictment appeared the name of the sheriff and one of the deputies.  Neither of these

gentlemen were introduced as witnesses on the trial, but the state relied on the testimony of Goolsby and Clyde Hall, and the indictment does not show affirmatively that either of these witnesses apeared before the grand jury. In the closing argument for the defense, counsel commented at length on the failure of the state to introduce either of the witnesses whose names appeared on the back of the indictment, though it seems clear that the state did not have to introduce either or both of these witnesses unless it chose. While counsel for the defense was closing his argument the district ·attorney secured instruction 4, and in closing for the state read this instruction. The special bill of exceptions in this case shows that this instruction was granted by the trial judge in order to answer statement made by counsel for defendant, in his argument, and that this instruction was given without giving defendant's attorney an opportunity to see or discuss this instruction. Our answer is that the attorney for the defense had no business commenting to the jury on the failure of the state to introduce the two witnesses whose names appeared on the back of the indictment, and the trial judge might here have interrupted his argument and advised the jury, but instead he handed them a two-line instruction on this point. Instead of advising the jury orally he followed a course less blunt, and simply handed them a two-line instruction, telling them that this was immaterial. But was it immaterial? We say yes. The constitutional provision securing to every defendant the right to be confronted with the witnesses against him refers solely to his right to see, hear and cross-examine witnesses actually introduced against him on the trial of the cause, and has no reference to investigations before the grand jury. 16 C. J. 836, section 2112.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted, tried, and convicted of selling intoxicating liquors contrary to law. On the trial

the state was permitted to introduce more than one sale under the provision of section 1762, Code of 1906 (Hemingway's Code, section 2098). The indictment alleged a sale had been made on November 17, 1924. One of the witnesses for the state testified to a sale on Armistice Day, November 11, 1924. A second witness introduced testified to a different sale, and did not fix the time definitely, but said the sale occurred on a Saturday night in November, 1924. The indictment was returned and filed on December 2, 1924.

Section 1762, Code of 1906 (Hemingway's Code, section 2098), reads as follows:

"On the trial of all prosecutions for the violation of law by the sale or giving away of liquors, bitters, or drinks, the state shall not be confined to the proof of a single violation, but may give evidence in any one or more offenses of the same character committed anterior to the day laid in the indictment or in the affidavit, and not barred by the statute of limitations; but in such case, after conviction or acquittal on the merits, the accused shall not again be liable to prosecution for any offense of the same character committed anterior to the day laid in the indictment or in the affidavit."

It will be noted from a reading of this section that the statute authorized the introduction of one or more offenses of the same character committed anterior to the time laid in the indictment. Where the state undertakes to operate under this statute, the offenses must occur prior to the day alleged in the indictment, and it is not permissible under this statute to introduce sales made subsequent to the day laid in the indictment.

The court instructed the jury, among other things, as follows:

"The court instructs the jury for the state that, if you believe from the evidence in the case, beyond a reasonable doubt, that the defendant sold intoxicating liquor, as charged in the indictment, then it is your sworn duty to find the defendant guilty as charged."

140 Miss.—37.

In *Moses* v. *State*, 100 Miss. 346, 56 So. 457, it was held error to admit a sale made subsequent to the date laid in the indictment. In the case of *Cage* v. *State*, 105 Miss. 326, 62 So. 358, this court held that, unless the date was specifically laid in the indictment, more than one sale could not be admitted in evidence under the above statute.

In the case before us the witness wholly fails to state whether the sale was before or after the 17th day of November, 1924, the date laid in the indictment. It may have been subsequent to the date laid in the indictment. A statute is in derogation of the common law, and must be strictly adhered to. To say the least of it, it puts the defendant to a great disadvantage in going to the jury with different sales testified about, and it is quite possible that he was convicted on a sale subsequent to the date laid in the indictment. Certainly we could not assume that the jury disregarded the testimony of such witness.

While the defendant was making his argument, the state obtained an instruction telling the jury it was immaterial in the trial of a case as to whose name is on the indictment. The defendant was not given an opportunity to comment on the instruction, and knew nothing of it until it was read to the jury in the closing argument of the district attorney. The indictment in the case did not have the names of either of the witnesses who testified on the trial indorsed on the indictment but did have the names of two other witnesses indorsed as witnesses to the indictment.

The practice of giving instructions under the circumstances has been condemned in the case of *Montgomery* v. *State*, 85 Miss. 330, 37 So. 835. It is by far the safer rule to require parties to litigation to obtain their instructions before the argument begins, but, if it should become necessary to settle some disputed proposition of law during argument, the attention of counsel should be called to the instruction, and given an opportunity to comment upon it.

When one of the witnesses for the state was upon the stand, the defendant sought to examine him with reference to whether or not he was a grand juror, and if he did not go before the grand jury and testify, and if he did not fail to state to the grand jury that the defendant had made a sale of intoxicating liquor to him. This evidence was objected to, and the objection sustained, and the court ruled that it would only permit an examination for the purpose of impeaching the witness; that is to say, to laying the predicate for impeachment of the witness by other witnesses. We think it is a matter that is admissible for the purpose of affecting the credibility of the witnesses, regardless of whether such witness would be impeached by other persons. In other words, if the witness went before the grand jury and testified that he did not buy from the defendant such liquors, or if he failed to give information of such offense when questioned with reference thereto, it would affect his credibility as a witness. While the witnesses who appear before a grand jury are sworn to secrecy as to their testimony, the purpose of such oath of secrecy is not to prevent the full development of the truth of the matter on the trial of the cause. After the indictment is returned, and the witness placed under arrest, and when he is placed upon trial, the testimony, if pertinent, is admissible for the purpose of affecting the credibility and veracity of the witness.

The constitutionality of section 2098, Hemingway's Code (section 1762, Code of 1906), is vigorously assailed by appellant, but, as the case must be reversed for the errors above mentioned, and especially for the error in admitting the sale which was not identified as being anterior to the date laid in the indictment, it is unnecessary to notice this assignment.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*