PRINE *v*. STATE.*

(Division A.   March 1, 1926.)

[107 So. 280.   No. 25433.]

INDICTMENT AND INFORMATION. *To permit evidence of more than one offense occurring anterior to date laid in indictment to be given, date must be specifically laid therein (Code 1906, sections 1428, 1762 [Hemingway's Code, sections 1184, 2098]).*

Under Code 1906, section 1762, providing that, "On the trial of all prosecutions for the violation of law by the sale or giving

away of liquors, bitters, or drinks, the state shall not be confined
to the proof of a single violation, but may give evidence in any
one or more offenses of the same character committed anterior
to the day laid in the indictment or in the affidavit, and not bar-
red by the statute of limitations," etc., in order that evidence
may be given of more than one offense occurring anterior to the
date laid in the indictment, the date must be specifically laid in
the indictment; it not being sufficient to merely aver that the
offense was committed some time during a named month and
year.

*Corpus Juris-Cyc. References; Indictments and Informations, 31 C.
J., p. 843, n. 23.

APPEAL from circuit court of Simpson county.
HON. W. L. CRANFORD, Judge.

Eugene Prine was convicted of selling intoxicating
liquor, and he appeals. Reversed and remanded.

*J. P. Edwards* and *W. M. Lofton*, for appellant.

The court erred in permitting Vardaman Sullivan, wit-
ness for the state, to testify as to other alleged sales
not covered by the time laid in the indictment. It will
be noted that the indictment alleges that the sale was
made on the — day of July, 1925. The witness was asked
by the district attorney if he bought intoxicating liquor
from the defendant at any time in July, 1925, or any
time prior thereto, and the witness was permitted, over
the objection of the defendant, to testify that he bought
some from the defendant about three months before, or
before July, 1925. Now, in view of the fact that there
is no particular day laid in the indictment as to the al-
leged sale, this testimony was incompetent; the state in
order to obtain the benefits of section 1762, Code of 1906
(section 2098, Hemingway's Code), must allege the par-
ticular day on which the sale was made and to permit
testimony of any sale anterior to a blank day is re-
versible. In support of the above contention we cite the
following authority: *Cage v. State*, 62 So. 358.

The court erred in overruling the defendant's motion
to require the district attorney to elect as to the sale on

which the state would rely for a conviction. We submit that this motion should have been sustained even if the particular day had been laid in the indictment. It will be noted from the case herein above cited that the state cannot prove any sale prior to the date laid in the indictment, *unless the particular day* is laid in the indictment. It will also be observed that the indictment against the appellant did not lay the particular day of the alleged sale, but left the day blank, and yet the district attorney was permitted to introduce evidence as to a sale made in July, 1925, to Jim Sullivan, Vardaman Sullivan and Ethel Thames, these parties being together and each and all testifying to a particular sale by the defendant at his store on a certain night in July. This was within the time laid in the indictment and permissible, but, not satisfied with this, the state is permitted, over the protest of the defendant to show by Fortenberry, under the pretext that it was rebuttal testimony, that he, Fortenberry, bought jamaica ginger, an intoxicating drink, he says, about three months prior to July. This was manifestly and utterly unfair to the right of the defendant as held by this court.

*J. A. Lauderdale,* assistant Attorney-General, for the state.

The indictment in this case fixes the date of the sale as being in July, 1925. Under section 1792, Code of 1906, section 2098, Hemingway's Code, the state is permitted to make proof of one or more offenses of the same character committed anterior to the date laid in the indictment. The proof in the court below was confined to sales made in July, 1925, and within two years prior thereto.

The issue in this case was whether or not the appellant sold the jamaica ginger as a medicine or as a beverage. He admitted making the sales as proved by the state and many others. In fact, his testimony shows that

he was doing a "land office business," in selling this stuff as a beverage, or that he knew it was being used as a beverage. The proof of more than one sale was competent in this case, even though section 1762, Code of 1906, referred to above was not in existence, for the purpose of proving that the defendant knew that Jamaica ginger was being used as a beverage by the people who bought it of him. *King* v. *State,* 66 Miss. 502; *Pederee* v. *State,* 108 Miss. 653; *Collier* v. *State,* 106 Miss. 613.

The case of *King* v. *State,* 54 So. 657, cited by appellant is not an authority supporting the proposition that the district attorney must elect which particular sale he will rely upon for a conviction. This case is, in fact, an authority against such election, for in the King case the district attorney did elect a sale, after he had proved more than one sale, and the court held that this was improper and reversed the case because the district attorney did elect one specific case and submit the matter to the jury on that case. This case also holds that when the state proves more than one sale, all the testimony must go to the jury.

We submit that the judgment of the court below should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction for selling intoxicating liquor. The indictment alleges that the appellant sold liquor "on the — day of July, 1925." The state introduced evidence of the sale by the appellant of intoxicating liquor "in the latter part of July, 1925," and then, over the objection of the appellant, introduced evidence of other sales made by the appellant two or three months prior to the first. At the request of the state, the jury were instructed to find the appellant guilty if they believed beyond a reasonable doubt that he sold intoxicating liquor "in July, 1925, or any time prior thereto during the year 1925." The admission of the evidence

of more than one sale and the giving of this instruction are assigned as error.

The statute relied on by the state is section 1762, Code of 1906 (Hemingway's Code, section 2098), which provides that:

"On the trial of all prosecutions for the violation of law by the sale or giving away of liquors, bitters, or drinks, the state shall not be confined to the proof of a single violation, but may give evidence in any one or more offenses of the same character committed anterior to the day laid in the indictment or in the affidavit, and not barred by the statute of limitations; but in such case, after conviction or acquittal on the merits, the accused shall not again be liable to prosecution for any offense of the same character committed anterior to the day laid in the indictment or in the affidavit."

Where the state relies on evidence of one sale only for a conviction, the date thereof laid in the indictment is immaterial (section 1428, Code of 1906 [Hemingway's Code, section 1184]; *Oliver* v. *State,* 58 So. 6, 101 Miss. 382), but, where the statute hereinbefore set out is invoked and a conviction is sought for the making of any one of several sales, the date laid in the indictment is material, for the sales that can be given in evidence are then determined thereby, which, under the plain language of the statute, are such sales as were made "anterior to the day laid in the indictment." *Moses* v. *State,* 56 So. 457, 100 Miss. 346.

The indictment here under consideration alleges no specific day (*Cage* v. *State,* 62 So. 358, 105 Miss. 326); consequently the statute cannot be invoked, and it was error to admit the evidence and to give the instruction complained of.

The intoxicating liquor here sold was Jamaica ginger which it was lawful for the appellant to sell, unless he sold it to be used as a beverage, and the state contends that evidence of the other sales thereof was admissible in order to show that the Jamaica ginger was sold by the appellant for use as a beverage.    Had the instruction

complained of not been given, this question would be presented for decision, but the instruction specifically invoked the statute and permitted a conviction for any of the sales introduced in evidence.

*Reversed and remanded.*