BAILEY *v.* STATE.[*]

(Division A.   Nov. 15, 1926.)

[110 So. 230.   No. 25927.]

CRIMINAL LAW.

> Evidence of more than one sale under affidavit charging sale of liquor on or about November 5, 1925, *held* unauthorized under Hemingway's Code, section 2098, and erroneously admitted.

[*]Corpus Juris-Cyc. References: Criminal law, 16 C. J., p. 605, n. 25.

APPEAL from circuit court of Jones county, First district.

HON. R. S. HALL Judge.

Bud Bailey was convicted of unlawfully selling intoxicating liquor, and he appeals.   Reversed and remanded.

*L. B. Melvin,* for appellant.

The court erred in permitting testimony of two sales to go to the jury over the objection of the defendant. It is my contention that the law permitting the proving

of two separate and distinct acts or offenses in the trial of one case is unconstitutional. See section 2098, Hemingway's Code.

We fail to find where the supreme court of this state has passed upon the constitutionality of this statute which we believe violates section 26 of the Constitution of 1890, and also section 31. See *King* v. *State,* 6 So. 188.

This appellant stands before this court convicted by a divided jury as to the particular crime of which he is charged. So we earnestly submit that this statute is in violation of the Constitution. The provisions of the statute must be strictly construed by the courts against the state. *Wadley* v. *State,* 50 So. 594.

*J. A. Lauderdale,* Special Assistant Attorney-General, for the state.

Counsel contends that section 2098, Hemingway's Code is unconstitutional, providing as it does that in prosecutions for the unlawful sale of whisky, proof of more than one sale may be made by the state.

I do not find a case where this court has specifically passed on the constitutionality of this statute. However, I do find that a number of convictions have been affirmed: *Thomas* v. *Yazoo City,* 95 Miss. 395; *King* v. *State,* 99 Miss. 23; *Neely* v. *State,* 100 Miss. 211; *Williams* v. *State,* 102 Miss. 274; *Page* v. *State,* 105 Miss. 536; *Lowe* v. State, 90 So. 78.

In *Thomas* v. *State,* 95 Miss. 395, this court held: "To some extent the very essence of the offense has been materially changed. We think that, as the law stands now, its effect is to make the sale of intoxicating liquors stand upon the same basis as a nuisance. In other words, it is now unlawful for any person to sell liquors, and the offense is made out by proof of sales, however few or numerous they may be, provided they are committed within two years prior to the time laid in the indictment."

McGOWEN, J., delivered the opinion of the court.

Bud Bailey, defendant in the court below, appellant here, was tried and convicted before a justice of the peace of Jones county, Miss., of unlawfully selling intoxicating liquor, on an affidavit, the material part of which is as follows: "That Bud Bailey, on or about November 5, 1925," etc. The testimony showed that the state offered proof of the sale of whisky by defendant about seven thirty on the night of November 5, 1925. At about eleven o'clock that night, the prosecuting witness, in company with others, bought another quart of whisky for four dollars. Defendant objected to proof of more than one crime, which objection was, by the court, overruled.

It will be observed that the affidavit using the expression "on or about November 5" was not drawn with the view of fixing a day certain, in order that more than one sale made anterior to the date of the indictment might be offered in evidence under section 2098, Hemingway's Code, reading as follows:

"On the trial of all prosecutions for the violation of law by the sale or giving away of liquors, bitters, or drinks, the state shall not be confined to the proof of a single violation, but may give evidence in any one or more offenses of the same character committed anterior to the day laid in the indictment or in the affidavit, and not barred by the statute of limitations; but in such case, after conviction or acquittal on the merits, the accused shall not again be liable to prosecution for any offense of the same character committed anterior to the day laid in the indictment or in the affidavit."

Before the enactment of this statute, it was well settled that a case would be reversed if, on the trial, the prosecution had offered proof of a sale on a particular occasion, and then was permitted to prove other and distinct sale or sales. *Bailey* v. *State,* 67 Miss. 333, 7 So. 348; *Stone* v. *State* (Miss.), 7 So. 500; *King* v. *State,* 66

Miss. 502, 6 So. 188. And since its enactment, this court has permitted convictions to stand many times where the affidavit or indictment fixed a day certain upon which intoxicating liquor was sold, and applied the statute for and against, a defendant charged with unlawfully selling intoxicating liquors, requiring the state to fix a day certain in order that the defendant might have the benefit of the statute providing that he should not again be liable to prosecution for any offense of the same character committed anterior to the date laid in the indictment.

In the case of *Cage* v. *State,* 105 Miss. 326, 62 So. 358, this court held that evidence of several distinct offenses was inadmissible where the indictment did not charge specifically the date of the offense, the indictment alleging the offense as having been committed on "the ——— day of ———." In the case at bar, the words "on or about November 5, 1925," are no more definite and certain than the words, "the ——— day of ———, 1911." In fact, we feel compelled to hold that by the words "on or about November 5, 1925," in the affidavit on which the defendant was tried, section 2098 cannot avail to permit proof of more than one sale, because a day certain is not named or fixed in the affidavit.

We therefore reverse and remand this case because the court permitted testimony of more than one sale of intoxicating liquor upon an affidavit which alleged that the offense was committed "on or about November 5."

There is no merit in other contentions of appellant.

*Reversed and remanded.*