HORTON v. STATE.*

(Division B.   May 16, 1927.)

[112 So. 591.   No. 26351.]

CRIMINAL LAW. *Evidence of sales of intoxicating liquors subsequent to date alleged in affidavit or indictment is not admissible (Hemingway's Code, section 2098).*

Where an affidavit or indictment alleges a sale of intoxicating liquors on a particular date named in the indictment, the court cannot, under section 2098, Hemingway's Code (section 1762, Code of 1906), offer in evidence sales made subsequent to the date alleged in the affidavit or the indictment.

---

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 605, n. 17.

APPEAL from circuit court of Lee county.
HON. J. I. STURDIVANT, Special Judge.
George Horton was convicted of selling intoxicating liquors, and he appeals. Reversed and remanded.

*W. A. Blair,* for appellant.

The affidavit charges the defendant was selling whisky on or about October 20, 1926. The fact that the affidavit was sworn to on a different date does not give the state the right to introduce proof of sale up to and in-

cluding the date that it was sworn to. November 1 simply shows the date that the officer swore to the affidavit. It does not show by any means that that is the date that the defendant is charged with the sale of the whisky.

*Bailey* v. *State,* 110 So. 230, was reversed and remanded because more than one sale was admitted in the testimony. See, also, *Voss* v. *State,* 110 So. 670. In the case at bar the court below admitted evidence of more than one sale both prior to the date laid on or before the date laid in the affidavit and afterwards; and under the two decisions above referred to, this was not admissible and the fact that the affidavit was made after the sale could not cure this error as, of course, all affidavits are made after the date of the crime.

*Boggan & Leake,* also, for appellant.

The court should not have allowed proof to have been made by the state of two sales, one of which was on October 27, seven days after October 20, the date fixed in the affidavit. The appellant could not plead acquittal or conviction that would protect him from further prosecution for a sale of liquor on October 27, 1926. See section 2098, Hemingway's Code. The point involved in this case was decided by this court in *Moses* v. *State,* 100 Miss. 346, 56 So. 457.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

The testimony for the state showed one sale about a week prior to October 20 and over the objection another sale on October 27. This case is on all-fours with *Bailey* v. *State,* 110 So. 230.

Section 2098, Hemingway's Code, provides that the state "may give evidence in any one or more offenses of the same character committed anterior to the day laid in the indictment or in the affidavit." The statute does

not authorize and this court has never held that where the state has proved one sale, it may prove another sale subsequent to the day laid in the indictment. The court erred.

I submit the case.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was convicted of selling intoxicating liquors on an affidavit, made before a justice of the peace, in which the time of the sale was alleged to have been the 20th day of October, 1926. Having been convicted in the justice court, he appealed to the circuit court, and, in the trial of the case evidence of more than one offense was offered, and admitted by the court over appellant's objection. The second offense was shown to have been committed on the 27th day of October, subsequent to the date laid in the affidavit. This was objected to on the ground that the affidavit alleged that the sale was made on or before the 20th day of October. This evidence was at first excluded, but the court reversed its ruling and admitted it, saying:

"I never saw this point before exactly, I will change my ruling on that; just say, Mr. Stenographer, the date of the affidavit being the 1st of November, 1926, and alleging that the sale was on or about the 20th of October, the court is of the opinion that any sale proved before the date of the affidavit, November 1st, would be admissible,"—to which ruling the defendant excepted.

This court has heretofore held that an offense committed subsequent to the date alleged in the indictment, in such case as the one before us, could not be admitted under section 2098, Hemingway's Code; that the date alleged in the indictment controls, and not the date of the finding of the indictment or the date of the affidavit; and that it is reversible error to admit evidence of a sale subsequent to such date where more than one offense is sought to be proved. *Moses* v. *State,* 100 Miss. 346, 56 So. 457; *Bailey v. State,* 143 Miss. 210, 110 So. 230; *Voss*

v. *State,* 144 Miss. 825, 110 So. 670. Under these authorities the judgment of conviction must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*