McLAURIN *v.* STATE.*

(Division B. Oct. 3, 1927.)

[113 So. 445. No. 26728.]

1. CRIMINAL LAW. *Indictment and information. State must prove sale of intoxicating liquors beyond all reasonable doubt; state may only prove sale of intoxicating liquor anterior to date laid in indictment, and within statutory limitations (Hemingway's Code 1917, section 2098).*

   It is the duty of the state in making out its case to prove same with certainty and beyond all reasonable doubt; and, in proceeding under section 2098, Hemingway's 1917 Code, the state is only permitted to prove sales anterior to the date laid in the indictment, and within statutory limitations.

2. INDICTMENT AND INFORMATION. *Where state fails to establish that each of sales of intoxicating liquor occurred prior to alleged date, within statutory period of time, conviction will be reversed (Hemingway's Code 1917, section 2098).*

   In a case where the state introduces more than one offense, and fails to establish that each of said offenses occurred anterior to the date laid in the indictment and within the statutory period of time, a judgment of conviction will be reversed.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 778, n. 96; Indictments and Informations, 31CJ, p. 841, n. 4; p. 843, n. 23 New; Intoxicating Liquors, 33CJ, p. 740, n. 35, 36.

(53)

APPEAL from circuit court of Jones county, Second district.

HON. R. S. HALL, Judge.

Eugene McLaurin was convicted of selling intoxicating liquor, and he appeals. Reversed and remanded.

*G. W. Hosey,* for appellant.

Section 2098, Hemingway's Code, is in derogation of the common-law, and the state must take the benefits thereof subject to its burdens, and must bring its case strictly within the statute. *King* v. *State,* 54 So. 657; *Maxey* v. *State,* 106 So. 353.

In this case the state alleged that the sale was made on a day certain, to-wit: November 24, 1926, and then the state was permitted to wander around for a period of two years, never fixing the exact date, except "several months before that date," having failed to allege in the indictment the name of the person to whom the alleged sale was made. Now such a rule as followed in this case absolutely cuts off all defense, right of defense, or opportunity of defense, regardless of guilt or innocence of the party being tried.

As we understand the law, the state is required to fix in the indictment the date certain of one sale and then the state under the statute can prove any number of sales prior thereto and within two years of the prosecution. In this way the defendant as matter of course is usually convicted, but is immune from a second prosecution for any alleged offense of the same character prior to the date certain in the indictment. That is not what happened in the case here. What really happened here is, that, the state fixed the date certain in the indictment as of November 24, 1926, without giving the name of the purchaser, and then on the trial of the case, the state proved first: a sale made several months prior to the alleged fixed date and then followed that up by proving a sale after the first sale but never fixing the date of the

second sale, nor proving nor offering to prove that the date of the second sale was prior to the fixed date in the indictment. *Moses* v. *State,* 1 Miss. 345, 56 So. 457; *Cage* v. *State,* 105 Miss. 326, 62 So. 358; *Bailey* v. *State,* 110 So. 230; *Maxey* v. *State,* 106 So. 353.

This cause should be reversed.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

Counsel insists that this cause should be reversed and remanded because he says that the state has failed to prove that the sale of the quart of whisky was anterior to the date laid in the indictment.

The testimony of Mr. Halstead shows that sale of the gallon of liquor was several months before November 24, 1926, which is the date laid in the indictment. His testimony shows that the quart of liquor was bought after the gallon was bought.

The testimony of Mr. Halstead shows conclusively that the purchase of both the gallon of liquor and the quart was made by him prior to the date laid in the indictment.

*G. W. Hosey,* in reply for appellant.

The argument of the state is unsound for three reasons: First, there was nothing said as to what whisky he was speaking of. Nothing said as to whether he was speaking of the gallon, the quart, or the gallon and quart, and to say which would be indulging in all kinds of presumptions, assumptions, and insinuations against the defendant and not for the defendant. Second, one will have to indulge in more and greater presumptions, assumptions, etc., to say what grand jury the state's attorney was speaking of. Third, nothing was ever said about the 24th day of November, 1926, the date alleged in the indictment, and to say that the quart of whisky was sold

prior to November 24, 1926, would be mere presumption, assumption and insinuation, and not proof at all.

Ethridge, J., delivered the opinion of the court.

Appellant was indicted at the November, 1926, term of the circuit court of the Second district of Jones county, being charged with the unlawful sale of intoxicating liquor.

The state introduced more than one sale in evidence, and the point is made that the second sale so introduced was not shown to have taken place prior to the date alleged in the indictment. The indictment alleged the sale to have taken place on the 24th day of November, 1926.

The state's witness testified that he first purchased a gallon of whisky from the appellant some three months before the convening of the court at which the indictment was found; that he paid ten dollars for said gallon; that he had only been in the county since the 15th day of March preceding the term of court at which he testified, which was the November, 1926, term. With reference to the purchase of the quart of whisky, he was asked and answered, as follows:

"Q. You state you bought a gallon at one time and that you bought a quart. With reference to buying the quart, was that before or after you bought the gallon? A. I bought the gallon first.

"Q. State whether or not the quart was intoxicating? A. It was.

"Q. What, if anything, did you pay for the quart? (Objected to, objection overruled, exception.) A. Three dollars.

"Q. Who delivered the whisky to you? A. Mr. McLaurin.

"Q. The defendant in this case? A. Yes."

The witness was further examined at some length with reference to the circumstances attending the purchase,

and on redirect testimony the following questions and answers were had:

"Q. Was it the same place you got the whisky each time? A. Yes.

"Q. Did you get the whisky each time from the same man? A. Yes.

"Q. Paid the money to the same man? A. Yes.

"Q. By the way of identifying the man, did you ever get any wine from him? (Objected to, overruled, exception.)

"Q. You said you had been to the place both day and night and positively identify this defendant here. Did you ever get any wine from him? A. Yes.

"Q. How many times have you gotten wine from him? A. Twice. (Objected to, overruled, exception.)

"Q. When was that? A. After I bought the whisky.

"Q. And after you bought the whisky there, state whether or not that was before the meeting of the grand jury in November, 1926. A. Yes.

"Q. State whether or not the man you got the wine from is the same man you got the whisky from? A. The same man.

"Q. How much wine did you get from him? A. A gallon and a quart.

"Q. How much did you pay for the gallon? A. Six dollars. . . .

"Q. How much did you pay for the quart? A. Two dollars."

On motion, this evidence as to the wine was excluded by the court.

The state rested its case, and the defendant made the following motion:

"Comes the defendant and moves the court to require the state to fix the date certain of the second sale. Comes the defendant and moves the court to exclude the testimony offered on behalf of the state as to all sales except the first one testified to."

This motion was overruled, and defendant made the following motion:

"Comes now the defendant and moves the court to exclude all the testimony offered on behalf of the state and instruct the jury to find for the defendant."

Motion overruled.

It is the contention of the appellant that the state did not show by this evidence that the second sale antedated the date laid in the indictment, and that it was improper to admit evidence that such sale was made without showing that it occurred prior to the date named in the indictment.

It is the contention of the state that the evidence above quoted in reference to the sale of wine, and as to when that sale occurred, shows sufficiently that both sales occurred prior to the date laid in the indictment. As we understand this testimony, the witness was being interrogated about the purchase of wine, and was asked particularly with reference to the purchase of wine, for the purpose of identifying the defendant, and testified that he purchased the wine subsequent to the purchase of the whisky, and prior to the convening of the court at which the indictment was found.

We do not think the witness' attention was directed, in this examination, to the time of the second purchase of whisky, but the witness was testifying as to the time he bought the wine, and that time was between the time of the purchase of the wine, and the first sale of the whisky.

It is the duty of the state, in making out its case, to prove its case with certainty and beyond reasonable doubt; and, under section 2098, Hemingway's 1917 Code, the state is only permitted to prove sales anterior to the date laid in the indictment and within statutory limitations. As the defendant in such case has to run the gauntlet of being tried for either or all offenses proven, and, under the statute, may, after acquittal or conviction, plead such former acquittal or conviction in bar of sub-

sequent prosecution, but cannot plead, in bar of subsequent prosecution, any sale proven to have occurred after the date laid in the indictment, it is highly important that the state prove specifically that all sales occurred prior to the date laid in the indictment, and within the period of limitations.

In this class of cases, if loose rules are adopted, it will be possible to convict of sales made at uncertain times.

In *Moses* v. *State,* 100 Miss. 346, 56 So. 457, it was held error to admit sales subsequent to the date laid in the indictment.

In *Cage* v. *State,* 105 Miss. 326, 62 So. 358, the court held that unless the date was specifically laid in the indictment, more than one sale could not be proven under the above statute.

In *Bailey* v. *State,* 144 Miss. 467, 110 So. 230, the date was fixed in the indictment, and the first sale proven to have been made several months prior thereto, but no date was proven as to the second sale, and the court held that was error.

In *Maxey* v. *State,* 140 Miss. 570, 106 So. 353, the court held that under section 2098, Hemingway's Code, 1917, it was error to admit more than one sale on the trial of a person charged with selling intoxicating liquor, unless the proof fixed such sale as having been made prior to the date laid in the indictment, and that, where evidence would leave it uncertain whether the offense, or any of those introduced, may have occurred subsequent to the date laid in the indictment, a conviction will be reversed.

For the error indicated, the judgment must be reversed and the case remanded for a new trial.

*Reversed and remanded.*