WINNINGHAM v. STATE.

(Division B. March 3, 1930.)

[126 So. 477. No. 28391.]

660

J. P. & A. K. Edwards, of Mendenhall, for appellant.

W. A. Shipman, Assistant Attorney-General, for the State.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Simpson county of the unlawful sale of an intoxicating liquor, Jamaica ginger, and was sentenced to pay a fine of two hundred fifty dollars, and thirty days in jail; and from that judgment appellant prosecutes this appeal.

The indictment charged the date of the commission of the offense in this language: "Will Winningham on the —— day of ——, 1925." The court, over appellant's objection, admitted evidence of more than one sale. Section 1762, Code of 1906, section 2252, Hemingway's Code 1927, is in this language: "On the trial of all prosecutions for the violation of law by the sale or giving away of liquors, bitters, or drinks, the state shall not be confined to the proof of a single violation, but may give evidence in any one or more offenses of the same character committed anterior to the day laid in the indictment or in the affidavit, and not barred by the statute of limitations; but in such case, after conviction or acquittal on the merits, the accused shall not again be liable to prosecution for any offense of the same character committed anterior to the day laid in the indictment or in the affidavit."

It will be observed that the last clause of the statute provides that the accused "shall not again be liable to prosecution for any offense of the same character committed anterior to the day laid in the indictment or in the affidavit."

In allowing the state to prove more than one offense of the same character, the statute made a radical change in the law, a change much to the disadvantage of the defendant. But in order to protect the defendant against another prosecution for the same offense, it provides that there shall be no prosecution for any offense of the same character committed prior to the day laid in the indict-

ment. A conviction or acquittal, therefore, in a case where more than one offense had been given in evidence, would be a complete bar to a subsequent prosecution for the same character of offense committed prior to the date laid in the indictment. But it is apparent at once that if no date is laid in the indictment, the defendant might have much difficulty in establishing either the defense of autrefois acquit and autrefois convict. For that reason, if the date of the crime is not laid in the indictment, evidence of more than one offense is not admissible. Cage v. State, 105 Miss. 326, 62 So. 358; Prine v. State, 141 Miss. 667, 107 So. 280; Bailey v. State, 144 Miss. 467, 110 So. 230; McLaurin v. State, 148 Miss. 53, 113 So. 445.

In the Prine case the indictment charged that the offense was committed "on the —— day of ——, 1911." And in the Bailey case the indictment charged that the offense was committed "on or about November 25, 1925." In the latter case the court said that the date laid in the indictment was not any more certain than that laid in the indictment in the former case.

By two of the instructions given for the state, fairly interpreted, the court told the jury that Jamaica ginger was, per se, an intoxicating liquor. The court refused two instructions requested by appellant, by which it was sought to have the jury determine whether Jamaica ginger was intoxicating and was sold for beverage purposes. The giving and refusing of those instructions was error. The question whether the Jamaica ginger was intoxicating was one for the jury, as was also the question whether it was sold for a beverage. Young v. State, 137 Miss. 188, 102 So. 161, 36 A. L. R. 717.

Reversed and remanded.