WALKER *v.* STATE.

(Division B.   Feb. 1, 1937.)

[172 So. 138.   No. 32556.]

E. F. Coleman, of Purvis, for appellant.

**Webb M. Mize,** Assistant Attorney-General, for the state.

**Griffith, J.**, delivered the opinion of the court.

Appellant was convicted of the unlawful sale of intoxicating liquor. The indictment charged "that Frank Walker in said county and state on or about the —— day of July A. D. 1936 did wilfully and unlawfully sell certain intoxicating liquor, to wit, whiskey, to Bernard Saucier and Benny Sones, against the peace," etc. The proof showed a sale to Saucier, and that, while Sones was present, the state of the evidence is such that there is but little more reason to say that Sones was a joint purchaser than that he was a joint seller or an agent of the seller. Although it was unnecessary to charge to whom the sale was made, since any sale was unlawful, yet, when so charged, the unnecessary averment became essential as one descriptive of the offense charged, and, being thus essential, must be proved as charged. The point was expressly and precisely involved in Tyler v. State, 69 Miss. 395, 11 So. 25, and also in Hudson v. State, 73 Miss. 784, 19 So. 965, which cases are in accord with the general rule as stated in 31 C. J. p. 748.

But the principal point upon which the judgment must be reversed is that proof of more than one sale was admitted in evidence over the objection of appellant when no precise or specific day of the sale was alleged in the indictment under which appellant was being prosecuted. Where the state relies on evidence of one sale only, the date laid in the indictment is immaterial and need not be precise; but where, as in the present case, the state seeks to avail of section 1986, Code 1930, and to prove more than one sale, the indictment must be specific and precise as to the date of the sale for which the prosecution is being conducted. The indictment here alleges that the sale was made on the —— day of July. Such an allegation is not specific and precise so as to allow proof of more than one sale, as was decided in Prine v. State, 141 Miss. 667, 107 So. 280, a case directly in point. See, also,

Winningham v. State, 156 Miss. 659, 126 So. 477, and the cases therein cited.

Reversed and remanded.