## VOSS v. STATE.*

(Division A. Dec. 13, 1926.)

[110 So. 670.  No. 25865.]

1. CRIMINAL LAW. *Evidence of more than one distinct sale of liquor is inadmissible where date of offense is not specifically laid by indictment (Hemingway's Code, section 2098).*

   Under Code 1906, section 1762 (Hemingway's Code, section 2098), for admission of evidence of more than one sale of liquor, date of the offense charged by indictment for illegal sale must be specifically laid, and indictment charging sale "on ——— day of ———, 1925," does not allow it.

2. CRIMINAL LAW. *State's election held not to cure error in admitting evidence of distinct sales of liquor.*

   Error in admitting evidence of distinct illegal sales of liquor is not cured by state's election.

---

*Corpus Juris-Cyc. References: Criminal Law, 16 C. J., p. 605, n. 17; 17 C. J., p. 320, n. 36.

APPEAL from circuit court of Clarke county.
HON. R. M. BOURDEAUX, Judge.
Earl Voss was convicted of illegal sale of liquor, and appeals. Reversed and remanded.

*H. F. Case,* for appellant.

The indictment had no specific date laid in it, being a charge that the defendant sold intoxicating liquor on "the — day of —, A. D., 1925, in the county aforesaid." This being true, the state could give evidence of only one sale anterior to the year 1925. More than one sale is inadmissible under such an indictment. Section 2098, Hemingway's Code (section 1762, Code of 1906); *Cage* v. *State,* 105 Miss. 326, 62 So. 358. It is reversible error for the court to admit evidence of more than one sale over defendant's objection.

The witness Arthur Harrington denied that he had any knowledge of having bought whiskey from the appellant at the ice house on Christmas Eve night, but was permitted to testify in response to the leading and argumentative questions of the district attorney as to another sale some time in the previous summer. For this error this case should be reversed.

*W. A. Scott,* Special Agent, for the state.

The admission of evidence of two distinct sales was not error because it was cured by forcing the state to elect. Evidence was introduced by the state showing two separate sales, the first being on Christmas Eve and the second in the summer of 1924. The defendant made a motion to require the state to elect on which sale it would stand and the state elected the sale on Christmas Eve at the ice house. The defendant received an instruction telling the jury they could convict only for the sale made on the above date. If the court committed error in admitting evidence of two sales, this error was cured by requiring the state to elect and by instructing the jury as to the only sale on which they could predicate a conviction.

*H. F. Case,* in reply, for appellant.

This case should be reversed for the error of the court below in admitting evidence, over appellant's timely ob-

jection, of more than one sale of liquor. *Cage* v. *State,* 105 Miss. 326, 62 So. 358; *Maxey* v. *State,* 106 So. 353; *Prine* v. *State,* 107 So. 280. This court has positively stated that where in an indictment for the sale of liquor no specific date is laid, evidence of more than one sale cannot be given.

It is true that after all the evidence was in, appellant made a motion that the court require the state to elect upon which sale the state would ask a conviction; but, I submit, by so doing the appellant did not waive his objection to the incompetent evidence which had been already admitted. He had a right to know upon which alleged sale the state would ask a conviction before he put in his defense. When no specific date is laid in the indictment, it is equivalent to a charge of a single sale and under the law before the enactment of section 1762, Code of 1906, the rule was that a defendant had the right to demand that the court compel the state to elect a particular sale on which it relied and confine it's testimony to that sale. See *Kittrell* v. *State,* 89 Miss. 666, 42 So. 609. The fact that the state is required to elect does not cure the error of admitting more than one sale when the defendant is tried for an alleged single sale. *Ware et al.* v. *State,* 13 So. 936.

By parity of reason to that in *Riddick* v. *State,* 72 Miss. 100, 16 So. 490, I contend that the court's action in sustaining the defendant's motion to require the state to elect and the instruction telling the jury that they could convict only on the one sale did not undo the wrong done the defendant by the admission of incompetent evidence.

Smith, C. J., delivered the opinion of the court.

This is an appeal from a conviction for the sale of intoxicating liquor. After proving one sale of intoxicating liquor, the state, over the objection of the appellant, was permitted to prove another and distinct sale of such liquor.

At the close of the evidence, the appellant moved the court to compel the state to elect on which of the sales it would ask a conviction, and it elected to ask for a conviction on the sale first proven.

The indictment alleges that the appellant sold intoxicating liquor, ''on the — day of ——, A. D., 1925,'' and consequently does not bring the case within the provisions of section 1762, Code of 1906 (section 2098, Hemingway's Code). Evidence of more than one sale, therefore, should not have. been admitted, and the error in so doing was not cured by the election of the state of one of the sales.

*Reversed and remanded.*