ROBINS *v.* STATE.[*]

(Division A.   Oct. 29, 1928.)

[118 So. 535.   No. 27388.]

---

[*]Corpus Juris-Cyc References: Criminal Law, 16CJ, section 1174, p. 605, n. 24.

*W. A. Blair,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

Cook, J. The appellant, Eldridge Robins, was con-victed in the circuit court of Lee county on a charge of selling intoxicating liquor, and, from the sentence imposed, he prosecuted this appeal.

The affidavit upon which the conviction is based charged that:

"On or about the 18th day of January, 1928, . . . Eldridge Robins did wilfully and unlawfully sell intoxicating liquor," etc.

Over the objection of the appellant, the state introduced evidence of two separate and distinct sales of liquor, and at the conclusion of the evidence the court charged the jury that, if they believed from the evidence beyond a reasonable doubt, that the defendant made either or both of the sales, they should find him guilty as charged in the affidavit. And the appellant assigns as error the admission of evidence of two sales.

Section 1762 of the Code of 1906 (section 2252, Hemingway's 1927 Code) provides that:

"On the trial of all prosecutions for the violation of law by the sale or giving away of liquors, bitters, or drinks, the state shall not be confined to the proof of a single violation, but may give evidence in any one or more offences of the same character committed anterior to the day laid in the indictment or in the affidavit, and not barred by the statute of limitations."

But in the cases of *Bailey* v. *State,* 144 Miss. 467, 110 So. 230, and *Voss* v. *State,* 144 Miss. 825, 110 So. 670, it was held that this statute does not authorize the admission of evidence of more than one sale in a prosecution based upon an indictment or affidavit which does not charge a sale on a day certain. In the *Bailey case, supra,* the affidavit charged a sale "on or about November 5, 1925," while in the *Voss case, supra,* the indictment charged a sale "on the —— day of ——, 1925." These cases are controlling here, and therefore, for the error in admitting the evidence of more than one sale of liquor, the judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*